JOHN S. DAMRELL *vs*. LUCY A. HARTT & another,
executors.

Suffolk.    March 19. — May 10, 1884.    DEVENS & COLBURN, JJ., absent.

A testator by his will devised a portion of his real estate to his son, "to have and
to hold the same to him, his heirs and assigns forever;" and then provided that,
if the son "shall die not having disposed of the same by sale or will, and leav-
ing no issue living at the time of his death," the portion so devised should go to
a certain person in trust to sell and dispose of the same, and divide the proceeds
among the testator's next of kin, according to the statute of distributions. The
son died intestate, leaving no issue or widow, and having sold a part only of
the estate devised to him. *Held*, that his heirs, and not the testator's next
of kin, were entitled to the estate.

APPEAL from a decree of the Probate Court, appointing the
appellee trustee under the eighth clause of the will of John
Bacon, which was as follows : "I give, devise, and bequeath one
undivided half of all the real property that I may leave, not
herein otherwise disposed of, to my beloved son, John, to have
and to hold the same to him, his heirs and assigns forever ; and
if he shall die not having disposed of the same by sale or by
will, and leaving no issue living at the time of his death, then
I give, devise, and bequeath the same to my dear daughter Ann
Elizabeth, to have and to hold the same to her, her heirs and
assigns forever; but if she shall have died before said John,
leaving no issue living at the time of his death, then I give and
devise the same to my friend John Chorley of Roxbury in the
county of Norfolk, to hold the same to him, his heirs and as-
signs forever, but upon trust that he shall sell and dispose of the
same as soon as may be, and divide the proceeds, after deduct-
ing expenses, among my next of kin then living according to
the statute of distributions."

Hearing before *Field*, J., who reported for the consideration
of the full court the following case :

It appeared that John Bacon died in 1854, seised in fee simple
of certain parcels of real estate in the city of Boston. His will
was duly proved and allowed on July 17, 1854. By the second
clause of his will, he gave to his wife "the sum of eight hun-
dred dollars a year, to be paid her annually during her natural
life by my executor out of the rents of such real property as I

may leave." His wife survived him, and died in 1858. He left two children, both of age at the time of his death, John Bacon and Ann Elizabeth Bacon. He also left two sisters and one brother, all of whom died in the lifetime of his son John, and five nephews, children of said sisters and brother, all of whom are now living, and who, at the time of the death of the testator's son John, would have been the next of kin of the testator, if the testator had then died without leaving issue.

The annuity of eight hundred dollars given to the widow of the testator was duly paid to the time of her death. All debts and legacies were paid within two years from the probate of the will. The testator's son John died on November 28, 1881, intestate, leaving no issue and no widow. John had sold and conveyed certain parcels of the real estate devised to him in the eighth clause of the will, but had not disposed of certain other valuable parcels thereof, and it is in respect to this real estate not so disposed of that the appellee asks to be appointed trustee. Ann Elizabeth died in 1864, leaving no issue. John Chorley never accepted the trust, having in January, 1882, declined it by reason of ill-health. After the death of the testator's son John, and upon the declination of John Chorley, the appellee, in 1882, asked to be appointed trustee, as above stated, for the benefit of the five nephews. The appellant, Henry H. Hartt, being the half-brother of the testator's wife, was the next of kin and heir at law of the testator's son John. He died on April 23, 1882, testate, leaving a widow but no issue, and his appeal from the appointment of the appellee is now prosecuted by the executors and trustees, devisees of said real estate under his will.

The appellant and his representatives, said executors and trustees, contend that, under said devise in the eighth clause of the will, the testator's son John became seised in fee simple of said real estate there devised to him; that the devise over to John Chorley was void; or, if not void, that it failed, and the testator's son John died seised in fee simple of said estate; that all of the real estate not disposed of by John descended to Hartt, his heir at law; and that no valid trust exists as to such real estate. The appellee, in behalf of the five nephews of the testator, contends that there is a valid trust existing as to said

real estate; and that he is entitled to be appointed trustee to execute the same for the benefit of said nephews.

If, upon these facts, the devise over to John Chorley in the eighth clause of the will was valid, and if there existed a valid trust as to said real estate there devised to the testator's son John and not disposed of by him, the decree of the Probate Court was to be affirmed; otherwise, the decree to be reversed, and the petition dismissed.

*J. B. Richardson & S. Snow*, for the appellant.

*W. A. Herrick & J. F. Colby*, for the appellee.

HOLMES, J. The testator's son John took a fee by the express terms of the eighth clause of the will, "to him, his heirs and assigns forever." The power to dispose of the land by sale or will, which he is assumed to possess by the limitation over, "if he shall die not having disposed of the same by sale or by will, and leaving no issue living at the time of his death," is obviously assumed to be incident to the estate devised, and not a power superadded by those words to an estate for life insufficient of itself to carry such a power. We cannot cut down the intention clearly manifested in the limitation to the son, in order to sustain the limitation over. The intention is as definitely expressed in each and every part of the former as in any part of the latter. The subsequent and subordinate limitation must yield if it cannot stand with that which precedes it. The subsequent limitation in this case, being merely an attempt to take away one of the rights inseparable from the estate devised to the testator's son John, cannot stand with that devise. It is therefore invalid, and the heir at law of the first devisee, John, takes by descent. *Kelley* v. *Meins*, 135 Mass. 231.

*Decree reversed, and petition dismissed.*