HENRY S. JOSLIN *vs.* CHARLES H. RHOADES.

Worcester.    October 2, 1889. — December 5, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise in Fee — Estate for Life.*

A testator, by his will, gave his entire estate to his wife, "to be to her and her
heirs and assigns forever; but upon the express condition that, if any portion of
my said estate should remain in the possession of my said wife at the time of
her decease, such remainder shall be divided as follows, namely," in a manner
specified. The wife, who survived the testator, made a will, and afterwards
became insane, and her guardian duly sold the real estate devised to her, a bal-
ance of the proceeds remaining in his hands at her death. *Held,* that the wife
took the real estate devised by her husband's will in fee, that the proceeds were
her property, and that such balance passed to her executrix.

CONTRACT by the administrator *de bonis non,* with the will an-
nexed, of the estate of John Joslin, against Charles H. Rhoades,
guardian of Ellen M. Joslin, wife of the testator, to recover a bal-
ance of the proceeds of a sale made by him as guardian of cer-
tain real estate devised by the will for her benefit. Ellen M. J.
Carter was admitted as a claimant of the fund, under the St. of
1886, c. 281. The case was submitted to the Superior Court,
and, after judgment for the plaintiff, to this court, on appeal, on
agreed facts, in substance as follows.

John Joslin died on November 23, 1881, leaving a will, which
was duly admitted to probate, and which, with the exception of
parts merely formal, was as follows:

"First. After the payment of all just and legal claims
against my estate, I give, devise, and bequeath to my beloved
wife, Ellen M. Joslin, all of my estate, both real and personal,
to be to her and her heirs and assigns forever; but upon the
express condition that, if any portion of my said estate should
remain in the possession of my said wife at the time of her de-
cease, such remainder shall be divided as follows, namely:

"My house and other buildings, with the land on which they
stand, and the lot adjoining within the line beginning at Stil-
man A. Mead's line and running straight to land of Stow F.
Hawes on the back line, and in front to the road running from

the centre of the town to the North Village, shall be taken by Abbie S. Cleaves Putney, a niece of my said wife; and the remainder shall go to my legal heirs and their assigns forever; and in the case that Abbie S. Cleaves Putney, niece of my said wife, is not living at the time of the decease of my said wife, then her portion shall revert back to my legal heirs and their assigns forever.

"Second. I hereby constitute and appoint my beloved wife, Ellen M. Joslin, to be the sole executrix of this my will and testament, and I hereby request and direct that no sureties shall be required upon her official bond as such executrix. In case of the decease of my wife before my death, I direct that suitable monumental stones be erected over my grave, and the lot wherein I am buried shall be properly graded and fitted up, the expense to be paid out of my estate."

Abbie S. Cleaves Putney, who was named in the will, died before the testator. In November, 1885, Ellen M. Joslin was duly adjudged an insane person; and in March, 1887, the defendant, who had been duly appointed her guardian, sold under license of the Probate Court certain real estate owned by the testator at his death other than that which was to go to Abbie S. Cleaves Putney if it remained in his wife's possession at his death, and held in his hands a balance of the proceeds amounting to five hundred and eleven $\frac{49}{100}$ dollars, found due from him on the settlement of his accounts as guardian in the Probate Court. Ellen M. Joslin died in January, 1889, leaving a will dated February 11, 1882, by which her entire estate was given to Abbie S. Cleaves Putney and the claimant, the latter being duly appointed executrix thereof.

The plaintiff contended that the will of John Joslin gave to his wife, Ellen M. Joslin, simply a life estate in his property, and that she had no power to devise or bequeath the balance thereof in her possession at her decease.

The claimant contended that, by the will of John Joslin, all his real and personal estate vested absolutely in his wife, Ellen M. Joslin, that she could and did devise and bequeath the balance thereof in her possession at her decease, and that as executrix of her will she was entitled to the balance in the hands of the defendant.

*H. Mayo*, for the defendant and the claimant.

*W. B. Harding & W. E. Sibley*, for the plaintiff.

FIELD, J. The plaintiff is the administrator *de bonis non*, with the will annexed, of the estate of John Joslin, who died on November 23, 1881, leaving a will, which has been allowed by the Probate Court. The defendant is the guardian of Ellen M. Joslin, the widow of John Joslin, who was adjudged an insane person, and who died in January, 1389, leaving a will which has also been allowed by the Probate Court. Ellen M. J. Carter, who has been admitted as a claimant, pursuant to the St. of 1886, c. 281, is the executrix of the will of Ellen M. Joslin. The property in the hands of the guardian is five hundred and eleven $\frac{49}{100}$ dollars, which has been found due from him on the settlement of his accounts as guardian. This sum appears to be a part of the proceeds of real estate sold by him as guardian, by license of the Probate Court, which real estate was devised to Ellen M. Joslin by the will of her husband. The principal question is whether Ellen M. Joslin took by this will a fee in the real estate of John Joslin, or only a life estate coupled with a power of selling and conveying the fee, to be executed by deed during her life. See *Lyon* v. *Marsh*, 116 Mass. 232; *Smith* v. *Snow*, 123 Mass. 323; *Welsh* v. *Woodbury*, 144 Mass. 542.

We think that the construction to be given to the first article of the will is that the testator intended to give absolutely to his wife all his real and personal estate remaining after the payment of his debts; that he did this upon condition that, if any of it remained in her possession at her death, it should be divided according to the provisions of the last clause of this article, and that he did not intend to give to his wife merely a life estate with a power of disposal by deed. Such a condition is inconsistent with the gift, and is void. *Gifford* v. *Choate*, 100 Mass. 343. *Kelley* v. *Meins*, 135 Mass. 231. *Damrell* v. *Hartt*, 137 Mass. 218. *Todd* v. *Sawyer*, 147 Mass. 570.

The real estate was therefore properly sold by the guardian, as the real estate of his ward, and the proceeds were the property of the ward, and, as personal property at the time of her death, should be paid to the executrix of her will. The judgment entered for the plaintiff should be reversed, and judgment entered for the claimant.                *So ordered.*