THOMAS M. CHASE *vs.* GARDNER P. LADD & another.

Essex.    November 6, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise — Estate for Life — Power to use for Support.*

A testator, by his will, gave the residue of his property to his wife "to her own use and behoof forever," providing that, "if any of the property which I have given my beloved wife aforesaid shall not have been expended by her for her support and maintenance during her lifetime, then" so much as remained was to go to persons named. *Held,* that the wife took a life estate only, coupled with a power to use so much of the estate as was necessary for her reasonable support and maintenance.

BILL IN EQUITY, by the administrator *de bonis non* with the will annexed of Thomas H. Chase, against the executor of the will of Ann L. Chase and the Danvers Savings Bank, to secure the payment of a deposit alleged to belong to the estate of Thomas H. Chase.   The case was reserved by *Devens*, J., on bill

and demurrer, for the consideration of the full court, and was as follows.

The will of Thomas H. Chase, who died on January 3, 1869, after providing for the payment of debts and funeral charges, omitting parts merely formal, was as follows:

" Second.　All the rest and residue of my estate, real, personal, or mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, I give, devise, and bequeath to my beloved wife, Ann L. Chase, to her use and behoof forever.　Provided, however, that my said wife shall cause to be erected on my lot in Merrimack Cemetery in said West Newbury a handsome marble monument, worth at least five hundred dollars ; also, to put the monument now standing on my lot in said cemetery on the lot where Jane Jaques is buried. All to be paid for by my said wife out of the estate which I have given to her.　Provided also, that if any of the property which I have given my beloved wife aforesaid shall not have been expended by her for her support and maintenance during her lifetime, then and in that case my will is, that so much of said estate as shall remain unexpended at the time of her decease shall be disposed thereof in manner following, to wit." Then followed bequests aggregating $3,500 to various persons named, " to their own use and behoof forever."　On April 20, 1870, Ann L. Chase caused to be transferred to her account in the savings bank an amount already on deposit there and belonging to the estate of her husband, and deposited at the same time therewith the proceeds of real estate belonging to him which had been sold and conveyed by her.　She died on June 29, 1889, leaving a will. Her executor contended that the deposit in question and its accumulations were the absolute property of his testatrix, and passed to his hands by the will.

*B. B. Jones*, for the plaintiff.

*W. H. Moody*, for the executor.

FIELD, C. J.　The principal differences between this case and *Joslin* v. *Rhoades*, 150 Mass. 301, are that the devise in *Joslin* v. *Rhoades* is to the wife and " her heirs and assigns forever," and in the present case it is to the wife, " to her use and behoof for‑ ever," and that in *Joslin* v. *Rhoades* there is no express or implied restriction upon the right or power of the devisee to dispose of the

estate unless it is to be inferred from the " condition that, if any portion of my said estate should remain in the possession of my said wife at the time of her decease, such remainder shall be divided " as expressed in the will, while in the present case it is distinctly implied that the wife shall have the power of expending the property only " for her support and maintenance during her lifetime," and it is provided that " so much of said estate as shall remain unexpended at the time of her decease shall be disposed " of as expressed in the will. We are inclined to the opinion, that these differences are significant, and that the most reasonable construction of the will is that the testator intended that the wife should have the use of the property for her support and maintenance, with the power of expending it, that is, of selling and conveying it, and using the proceeds only so far as was necessary for her reasonable support and maintenance during her life, but with no other power of disposing of the property, or of any part of it. The words of the first part of the clause do not so plainly convey the property absolutely, or in fee simple, that the subsequent proviso must necessarily be considered as inconsistent with them, and the meaning of the proviso is clear. There is no doubt of the intention of the testator to dispose of what remains at the death of his wife unexpended for her support and maintenance, and we see no insuperable difficulties in carrying this intention into effect. None of our decisions in which it has been held that the property was given absolutely, and that the remaining provisions were inconsistent with such a gift and were void, requires us to reach that conclusion from the particular words of this will, although there are cases closely resembling the present, which certainly is very near the line which separates the decisions.* *Bamforth* v. *Bamforth,* 123 Mass. 280. *Smith* v. *Snow,* 123 Mass. 323. *Schmaunz* v. *Goss,* 132 Mass. 141. *Kelley* v. *Meins,* 135 Mass. 231. *Damrell* v. *Hartt,* 137 Mass. 218. *Welsh* v. *Woodbury,* 144 Mass. 542. *Joslin* v. *Rhoades,* 150 Mass. 301.

The provisions in this clause of the will concerning the monuments are not, we think, very material. Undoubtedly the wife was given power to sell for this purpose so much of the property as was necessary.                    *Demurrer overruled.*

---

* See *Kent* v. *Morrison, post,* 137.