W. J. LAW v. ROBERT DOUGLASS AND FRED HESSE, ADMIN-
ISTRATOR, Appellees, JENNIE L. BREWSTER,
Appellant. .

**Wills:** REPUGNANT DEVISES: *Precatory language.* Under a will
directing that all the residue of an estate shall go to the testator's
wife and that his daughter shall be sole heir to the estate if she
survives the wife, but that nothing in the will is to be
construed as preventing the wife from selling any real estate
while she may live, and that if the daughter dies without issue
before the wife the latter shall inherit the land, the wife takes
an absolute estate in fee simple in the land and the daughter has
no remainder interest, since the attempted limitation is repugnant
to the gift to the wife.

GIVEN and GRANGER, JJ. dissenting.

*Appeal from Davis District Court.*—HON. ROBERT SLOAN,
Judge.

WEDNESDAY, FEBRUARY 8, 1899.

ACCORDING to the petition, Robert Douglass entered
into a written contract with Catherine T. Kister, by the
terms of which, in consideration of certain notes and money,
amounting to about one thousand two hundred dollars, in the
hands of plaintiff, he agreed to provide her a home, care for,
maintain, and nurse her during her life. As Jennie L.
Brewster claimed this property under the will of Israel Kister
and the administrator for the estate of Catherine, who had
died since the making of the contract, the plaintiff prays that
these parties be required to interplead and establish their pre-
tended rights to the property, and that the court award it to
the person entitled thereto. In a cross-petition, Douglass sets
up his claim to the property under the contract, alleging
performance on his part. The administrator denied the
contract, and also that Jennie L. Brewster is entitled to the
notes or fund under the will of Israel Kister, and asked that

the property be turned over to him for distribution to the legal heirs of Catherine. Jennie L. Brewster, in her answer and cross-petition, alleges that she was the duly-adopted daughter of Israel Kister, deceased; that the notes and money described in plaintiff's petition were a part of the proceeds derived from the sale of real estate taken by Catherine T. Kister under the will of her husband, Israel Kister, deceased; that, under said will, Catherine did not become the owner of the real property, but was entitled to a life estate therein only, and this intervener is owner of any property remaining at her death; that said Catherine was incompetent to enter into the contract with Douglass because of mental unsoundness, and intervener prays said notes and money be adjudged her property. The will, made a part of this cross-petition, is as follows: "That, after my death, my debts be all paid first. Then, 2dly, my adopted daughter, Jennie L. Kister, have a strip of land one hundred feet in width off of the west side of block number nine in Kister's addition to Bloomfield, Davis county, Iowa, running the entire length of said block. (Letters of adoption having been made February 9, 1866, and recorded in Book P, pages 169 and 170, Davis County Records.) And that what may be left of my estate, whether real or personal, shall be inherited and go to my beloved wife, Catherine T. Kister. But should my said wife die, and said Jennie L. Kister be living, in that event said Jennie shall be sole heir of my estate, or so much thereof as remains at the death of my said wife. Nothing herein contained shall be construed to prevent my said wife selling any real estate I may leave and for her use while she may live, excepting always the west one hundred feet of the aforesaid block nine, herefore given to Jennie L. Kister, which is to remain her property while she lives, and, if she dies before my said wife without issue, then my said wife shall inherit said land." The defendant Douglass demurred to this cross-petition, on the ground that, under the will, Catherine T. Kister took the real estate in fee simple, and Mrs. Brewster acquired no

interest therein or to the proceeds thereof. This demurrer was sustained, and, Mrs. Brewster having elected to stand on the ruling, her cross-petition was dismissed. She appeals.— *Affirmed.*

*S. S. Carruthers* and *H. C. Taylor* for appellant Jennie L. Brewster.

*H. C. Traverse* for appellee Robert Douglass.

LADD, J.—The intention of the testator is the polar star in the interpretation of a will. It will be sought from an examination of the entire instrument when taken up by its four corners. This must be so as, of necessity, wills are prepared in all situations and by all sorts of people,—the wise and the ignorant, the unlearned in the law, as well as the learned. Because of this, courts have deemed it of more importance to ascertain and give effect to the wishes of the deceased than to indulge in particular refinement of reasoning or niceties of distinction, which may operate to defeat the accomplishment of the very purposes for which the instrument has been executed. There are some things, however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed. He cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another; in other words, he cannot include provisions which are absolutely inconsistent in terms and meaning, and have all given force and effect. See *Ingersoll's Appeal,* 86 Pa. St. 245. Rules for ascertaining the intention have developed from the observations and experience of the past, which are believed to be well adapted as guides for learning the wishes of men generally, as expressed in such instruments. These canons of interpretation cannot be rejected, except on great consideration. As said by Sharswood, J., in *Doebler's Appeal,* 64 Pa. St. 15: "It becomes no court to

be wise above that which is written. Security of title requires that no mere arbitrary discretion should be exercised in conjecturing what words the testator would have adopted had he been truly advised of the legal effect of the words actually employed."

It appears that no rule is better settled in the law than that the first taker of property under a will, with full power to dispose thereof, must be considered the absolute owner, and limitations over held void for repugnancy. *Rona v. Meier,* 47 Iowa, 609; *Alden v. Johnson,* 63 Iowa, 125; *Killmer v. Wuchner,* 74 Iowa, 359; *Pellizzano v. Reppert,* 83 Iowa, 498; *Halliday v. Stickler,* 78 Iowa, 388; *In re Burbank's Will,* 69 Iowa, 379; *Mulvane v. Rude,* 146 Ind. Sup. 476 (45 N. E. Rep. 659); *Bradley v. Carnes,* 94 Tenn. Sup. 27 (27 S. W. Rep. 1007); *Wilson v. Turner,* 164 Ill. Sup. 398 (45 N. E. Rep. 820); *Van Horne v. Campbell,* 100 N. Y. 287 (3 N. E. Rep. 316, 771); Schouler Wills, sections 558, 559; 2 Jarman Wills (5th ed.), 529; *Gifford v. Choate,* 100 Mass. 346; *Jones v. Bacon,* 68 Me. 34; *Kelley v. Meins,* 135 Mass. 231; *McKenzie's Appeal,* 41 Conn. 607; 2 Redfield Wills, 277; 20 Am. & Eng. Enc. Law, 955. This is because the limitation is inconsistent with the power of alienation or an absolute fee, and the testator will be presumed to have intended the gift rather than to have defeated it by the limitation over. It has never been the purpose of this court to depart from that well-recognized rule. In *Iimas v. Neidt,* 101 Iowa, 348, we refused to give more importance to the numbering of paragraphs in a will, and the order in which they appeared, than to the clearly-expressed meaning of the testator, as gathered from the entire instrument. There the fifth clause of the will bequeathed generally certain land to Katherine Klein, describing it, without defining the estate therein or conferring in terms the power of disposal. The sixth clause excluded her from possession until a sum to be paid another child was secured by her and two other children. By the eighth clause, the widow was given the use of

the land until her marriage or death, and was required to keep the fences in repair, and pay the taxes; and, by the ninth clause, if Katherine died before majority, the land was to be divided equally among the surviving children.. We held that, as the interest or estate in the land given Katherine in the fifth clause was not therein defined, it was subject to the limitations contained in the other clauses of the will. This was because the limitations involved no inconsistency with the conditions of the gift. In other words, where the gift to the first taker is general or indefinite in terms, and the character of the estate conferred undefined, the limitations and conditions contained in the other portions of the will ought not to be construed as inconsistent or repugnant to the gift, but rather as defining its character. It is the power of alienation given in terms or by necessary inference which precludes the limitations over, and compels the court to construe the gift an absolute fee. Unless the provisions of the will are necessarily repugnant, there is no reason why the intention of the testator should not govern. The *Timas Case* simply followed *Grindem v. Grindem,* 89 Iowa, 295. Mr. Schouler, in his work on Wills, says: "As a rule, an absolute devise in terms must be construed in connection with other clauses of the will which serve to modify its effect. And a fee which is given in the first part of the will may prove to be so restrained by subsequent words as to reduce it to a life estate." *Urich's Appeal,* 86 Pa. St. 386; *North v. Martin,* 6 Sim. 266; *Norris v. Beyea,* 13 N. Y. 273; *Healy v. Eastlake,* 152 Ill. Sup.. 424 (39 N. E. Rep. 261); *Chase v. Ladd,* 153 Mass. 126 (26 N. E. Rep. 429); *Mansfield v. Shelton,* 67 Conn. 390 (35 Atl. Rep. 271); *Stivers v. Gardner,* 88 Iowa, 310. Indeed, we have discovered no case to the contrary. The ordinary rules of interpretation are perspicuously stated in the recent case of *Mansfield v. Shelton,* 67 Conn. 390 (35 Atl. Rep. 272); *"First.* If the primary gift conveys and vests in the first taker an absolute interest in personal, or an absolute fee simple in real, property, it

exhausts the entire estate, so that there can be no valid remainder. *Second.* A life estate, expressly created, will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive. *Third.* An express gift in fee will not be reduced to a life estate by mere implication from a subsequent gift over, but may be by subsequent language, clearly indicating intent, and equivalent to a positive provision. *Fourth.* Except as restrained by the foregoing limitations,—indeed, in some instances, apparently impinging upon them,—the question as to whether the primary gift is in fee, so as to exhaust the entire estate, is in each case to be decided upon a careful examination of the entire will, aided by legitimate extrinsic evidence, to ascertain the actual intent of the testator, which intent, when so discovered and made obvious, is controlling."

The distinction between the attempt to devise the estate remaining after the death of the devisee to whom the absolute fee has been given and the remainder after the exercise of the power of disposition thereof as a separate interest, where a life estate only is given, should be observed. To the gift of a life estate may be annexed the right to sell the remainder for defined purposes, as a separate gift, and a devise of the part undisposed of is held good. *Mansfield v. Shelton, supra; Burleigh v. Clough,* 52 N. H. 267; *Ramsdell v. Ramsdell,* 21 Me. 293; *Healy v. Eastlake,* 152 Ill. Sup. 424 (39 N. E. Rep. 260); *Welsh v. Woodbury,* 144 Mass. 542 (11 N. E. Rep. 762); *Chase v. Ladd,* 153 Mass. 126 (26 N. E. Rep. 429); *Swarthout v. Rainer,* 143 N. Y. App. 499 (38 N. E. Rep. 726); *In re Proctor's Estate,* 95 Iowa, 172; *Jenkins v. Compton,* 123 Ind. Sup. 117 (23 N. E. Rep. 1091); *Smith v. Bell,* 6 Pet. 68, as construed in *Roberts v. Lewis,* 153 U. S. 379 (14 Sup. Ct. Rep. 945). In *Collins v. Wickwire,* 162 Mass. 143 (38 N. E. Rep. 365), the distinction is pointed out: "On the other hand, in this state, and generally else-

where, this principle is held not to be applicable where the will purports only to give a life estate to the first taker, with merely a power of disposition of the remainder as a separate interest. In such a case, if the power is executed, the property passes under the original will, through the execution of the power, to the person designated; and, if it is not executed, it remains to be affected by the other provisions of the will, or to pass as undevised estate of the testator."

II.     Having settled the rules of interpretation by which we are to be guided, we now inquire concerning the character of the gift of Israel Kister to Catherine. The residue·of the property, after the gift to Jennie, was cast upon the wife, and with it coupled the unrestricted power of disposition. This results from the provision that it "shall be inherited and go to my beloved wife, Catherine Kister," and that "nothing herein contained shall be construed to prevent my said wife selling any real estate I may leave and for her use." Having given her the property with unlimited power of alienation, nothing remained to dispose of to another, and the limitation over is void for repugnancy, for that the limitation, rather than the gift, will be adjudged invalid. The language of the will referring to what remains at the death of the wife must be construed as precatory only, and not as limiting the absolute devise to her. It follows that, as Mrs. Brewster acquired no interest in the property in controversy under the will, the demurrer was rightly sustained.— AFFIRMED.

GRANGER, J. (dissenting). I am not in accord with the reasoning or conclusion of the majority opinion. The opinion does, however, state the law in plain and unmistakable terms, and I reproduce that part of the opinion, in that it may appear in close connection with what I regard as an unwarranted departure from it. The·rule is stated as follows: "The intention of the testator is the polar star in the interpretation of a will. It will be sought from an examination of the

entire instrument when taken up by its four corners. This must be so as, of necessity, wills are prepared in all situations and by all sorts of people,—the wise and the ignorant, the unlearned in the law, as well as the learned. Because of this, courts have deemed it of more importance to ascertain and give effect to the wishes of the deceased than to indulge in particular refinement of reasoning or niceties of distinction, which may operate to defeat the accomplishment of the very purposes for which the instrument has been executed." My contention is with the attempt, by the majority, to overrule this well-expressed and just rule of law, which has had the approval of this court throughout its history. As paving the way to such a result, the opinion contains the following language in immediate connection with the rule quoted: "There are some things, however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed. He cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another; in other words, he cannot include provisions which are absolutely inconsistent in terms and meaning, and have all given force and effect." My controversy is not as to the rule of law involved in the statement, but is as to its application to the facts of this case. I take it that the majority understand that the opinion overrules the intention of the testator in this case, as it appears from the will, taken as a whole, and gives to the will an effect not intended, because it contains provisions so absolutely inconsistent in terms and meaning that all cannot be given force and effect; for, if it is not so understood, there is no reason for the citation of the rules or argument as to them. The meaning intended, and which the majority opinion sets aside as violative of the law, is that the testator's wife should take her residuary estate, with the right to sell the real estate for her use while she should live, and at her death what remained should go to his daughter, Jennie L. Kister, if living. This plain, and, to

me legal, disposition of property, is by the majority opinion set aside, and the widow is given an estate in fee, so that her heirs shall inherit it, because of a construction of the will that the right of the wife to sell for her use, while she lived, is inconsistent with the devise to another of what remained unsold at her death. To make the rule applicable, in view of its language, there must be some reason why both provisions of the will cannot be given effect. We may, by supposition, give an accurate test: A. dies, testate, leaving 100 acres of land, which he devises to his wife for her use while living, with power to sell for that purpose, and any remainder shall go to his son. The widow, during her life, sells fifty acres for her use, and fifty acres remain, which the son takes. How is the provision as to the wife affected by the devise to the son? What legal objection is there to the full observance of such a will?

It must be remembered that no question arises as to a sale of the property, nor are the rights of third parties affected. The question simply is, what legal barrier is in the way of enforcing both provisions? The provision as to the remainder is only operative if there is a remainder. If all is sold, the provision as to the remainder becomes inoperative by the terms of the will. We are not to inquire what is meant by the property being devised to the wife "for her use while she may live." Whether it means the same as "for her support," or is of broader significance, it still remains that there is a limitation on the right to sell, so that the power of disposition is not absolute. She may not dispose of it for the use of others; nor can she direct its use after her death. There is a clear limitation as to the time, and the extent of the use granted. *In re Proctor's Estate,* 95 Iowa, 172, Mr. Justice Kinne collected the authorities on a question so similar that I regard it as controlling, and they are cited in the majority opinion, including the *Proctor Case.* It cites the case of *Bills v. Bills,* 80 Iowa, 279, and, referring to the cases cited in the *Proctor Case,* it is said: "We need not

review these cases. The rule laid down in them is clearly stated in *Bills v. Bills,* * * * as follows: '*First.* When an estate or an interest in the lands is devised, or is personally bequeathed in clear and absolute language, without words of limitation, the devise or bequest cannot be defeated by a subsequent provision inferentially raising a limitation upon the prior devise or bequest. *Second.* When there is an absolute or unlimited devise or bequest of property, a subsequent clause expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee. The absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language.' " In the *Proctor Case* it is said that this court has never relaxed the rule that the whole instrument must be considered in arriving at the intention of the testator, and, also, that where this court has held a devise absolute, notwithstanding a limitation, it plainly appears that the devise was intended to be absolute. Nothing could well be clearer than that the devise to the wife in this case was not intended to be absolute. It is expressly made conditional or limited. The majority do not contend otherwise. Its opinion confessedly defeats the manifest intention of the testator, because, as it says, the terms of the will are repugnant; and the legal effect of the first devise is to defeat the last one. In *Jordan v. Woodin,* 93 Iowa, 453, we expressed the rule that, "when the intent of the testator clearly appears, it should not be defeated upon technical grounds." In the *Proctor Case* the will gave to the wife a residue of the estate, with full power to sell, transfer, and dispose of the same as much as may, from time to time, be needed for her support and the cancellation of an indebtedness, and any remainder was given to a son. We held in that case that the devise, being "during her life, with full power to sell * * * for her support and the cancellation of any indebtedness, * * *" was

not absolute. We said in that case: "Hence there is not conferred an absolute and unrestricted power of disposal of the property." Nor is there in the case at bar. There the sale could be for the widow's support. In this case it is limited to her use during her life. The law would say, in the case of a support, that it must be proper or reasonable; and the same rule would obtain where a use of property is given.

I confess to some confusion in the cases in this state on this branch of the law, but in the late cases, we have, by a reference to all the cases, deduced the rule that is to govern, as stated in the *Proctor Case,* and in *Jordan v. Woodin;* and the holding is explicit that, to make a devise or bequest absolute, it must be without words of limitation; and where what would otherwise be a devise of a life estate is sought to be made an absolute devise, because of a power of disposition, such power must be absolute and unrestricted. If, in any of the cases in this state, this court has stated that provisions of a will, substantially like those in this case, are so inconsistent that force and effect cannot be given them, I insist that the statement is erroneous, and that there is no good reason for its repetition. I regard the provisions of the will in this case as absolutely consistent and easy of enforcement. The majority seem to think the provisions of this will as to a remainder will clog the operations as to the devise of the widow, for it is said that a testator "cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another;" and the rule is applied to reach the conclusion in this case. I say,-- *First,* that the will does not attempt to create a fee with absolute power of disposal; and, *second,* that the devise as to the remainder, which is thought to be the limitation, did not become operative till the power of alienation ceased by the death of the widow, when it became operative only as to property that could not thus be alienated. By what reasoning can it be said that such a devise clogs the power of alienation

on the part of the wife? The devisee of the remainder is absolutely without power over or right in the property until the power of alienation by the wife is lost in her death. So long as she lives, the only clog or limitation upon her right to sell is that in the devise to her, without any reference to the devise of a remainder. She has only to read the devise to her, and then take all that the letter and spirit embraces. When she has done this, the devise of a remainder is operative, and not before.

In view of our contentions, I earnestly urge upon the majority to point out wherein all the provisions of this will are not enforceable; and, to that end, I think that generalities of statement should be omitted, and the will be assumed as in due course of execution under the forms of law, and then, by anticipating every fact and condition that might reasonably affect the result, see if the power of alienation would be clogged, or if there is such inconsistency in the provisions of the will that it may not be enforced in a way that the intentions of the testator may prevail rather than be defeated, for all agree that, if it can be done, it should be.

I have said that there is some confusion in our own cases on the branch of the law pertaining to the construction of wills; and I may frankly say that I have concurred in some holdings that I now think erroneous, and that tend to defeat our oft-repeated rule as to the intention of the testator being the polar star of interpretation. In so far as we have trenched upon that rule, we should retrace our steps, for no one contends that its violation is justified; and I may add that I think we have, in effect, done so by construction in our later cases, such as the *Proctor,* the *Bills,* and the *Jordan-Woodin Cases,* before cited. However, I find no case that I regard as authority for the holding of the majority in this case.

In the second division of the majority opinion, there seems to be a concession that the power of disposition must be

unrestricted to make the rule as to limitations by a devise
of a remainder applicable; and this will is construed as giving
an unrestricted power of disposition, for it is there said:
"The residue of the property, after the gift to Jennie, is cast
upon the wife, and with it coupled the unrestrained power of
disposition." If the power to the wife to sell real estate
"for her use while she may live," with an express devise to
another of what should remain unsold, is an unrestricted
power of sale, then I am wrong. But I insist that the lan-
guage will not bear that construction. The absolute owner of
property may sell it for his own use, or for the use of others.
He may sell it for his use during his life, or for the use of
others after his death, or both. The language of the devise
to the wife is a clear limitation on such a right. To make the
power of sale to the wife unrestricted, we must take from
the will the words "for her use while she may live," and, thus
changed, there is an unrestricted power of sale. I feel that I
am not mistaken in saying that the majority has drifted from
the rule of its own announcement,—that the intentions of a
testator should not be defeated by refinement of reasoning or
niceties of distinction.

The majority opinion cites some cases from other states
showing the rules that govern in such cases, and makes the
cases authority for its conclusion in this case. In some, if
not all, of such cases, the application of the rule accords with
my view, and is, hence, against the conclusion of the majority.
I make special reference to *Mansfield v. Shelton,* 67 Conn.
390 (35 Atl. Rep. 271), the majority opinion containing
the rules therein announced. The syllabus of the case, sus-
tained by the reasoning, is as follows: "Under the provisions
of a will, in terms, 'all the rest and residue of my estate, both
real and personal, and wherever situated, I give, devise, and
bequeath to my said wife, to be used and appropriated by
her, as much as she may wish for her happiness, without any
restrictions or limitations whatsoever,'—followed by pro-
visions that after the death of the wife, and the payment of

her debts and settlement of her estate, whatever property might remain should pass to a trustee for final distribution as directed,—only a life estate vested in the widow of the testator, and hence the subsequent provisions of the residuary clause were valid and operative." After noticing the broader language of that case as to the power of disposition, I invite a reference to the reasoning upon it, and the conclusive statement against the claim that more was devised to the wife than a life estate. I make this specific reference to that case because the majority cite it as stating the correct rule, but fail to show the application made of it to the facts, and it is as to the application of the rule that I would complain. See, also, *Healy v. Eastlake,* 152 Ill. Sup. 424 (39 N. E. Rep. 260); *Collins v. Wickwire,* 162 Mass. 143 (38 N. E. Rep. 365); *Swarthout v. Ranier,* 143 N. Y. App. 499 (38 N. E. Rep. 726). These are cases on which the majority rely, and another is *Jenkins v. Compton,* 123 Ind. Sup. 117 (23 N. E. Rep. 1091), and the syllabus shows: "A will provided as follows: 'I bequeath to my wife all my real estate and personal property for her maintenance, and the maintenance of my children. * * * My said wife shall have control and management of my said property, to sell or dispose of any or all of said property, * * * I further will that, should there be any of my estate remaining after the death of my wife, the same shall go to my children.' *Held,* that the wife took only a life estate with power of sale." Here, again, after looking to the broad language as to the power of sale, with not a word of limitation, except as it may be inferred from the devise, I refer to the reasoning of the opinion by which the syllabus is supported. Such a reference might be made to many other cases. The testator in this case has—*First,* made a wise provision for his widow, by permitting her to use for herself, while she should live, a residue of his estate, with a power of sale for that purpose; *second,* he provided that any property of his estate remaining after the widow had enjoyed all that was granted in her favor should go to his daughter. Reason, authority, and natural

justice, in my judgment, combine to render such a will operative as to all of its provisions.

GIVEN, J., concurs in this dissent.