HARRY W. GALLIGAN *vs.* EDWARD McDONALD & others.

Bristol.    October 26, 1908. — November 30, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy,* What estate. *Equity Jurisdiction,* Specific performance. *Words,* " Remaining."

A son made an agreement in writing to convey in fee simple certain real estate, the title to which he claimed under the following provisions in his father's will: " I devise to my son all the real estate of which I may die possessed and he shall hold the same to him and to his heirs forever, provided however, that in case my said son shall die having no issue him surviving, or such issue shall decease during minority, then and in either of such cases, my will is that my brother and my sister shall have and take all my real estate remaining at the death of my son, share and share alike, to them and to their heirs forever." The testator died seised of several distinct parcels of land. The person to whom the son had agreed to convey the real estate refused to receive a deed, contending that

the son could not convey a title in fee simple. The son thereupon brought a bill in equity to enforce specific performance of the agreement. *Held,* following *Kelley* v. *Meins,* 135 Mass. 231, and *Ide* v. *Ide,* 5 Mass. 500, that by the words " all my real estate remaining at the death of my son " was meant such property as the son should not have disposed of during his life, that the son took an estate in fee simple, that the attempted limitation over was void, and therefore that the bill might be maintained.

BILL IN EQUITY, filed in the Superior Court for the county of Bristol on April 27, 1908, seeking specific performance of an agreement in writing whereby the plaintiff agreed to sell and convey to the defendants and the defendants agreed to receive a conveyance of and to pay for certain real estate.

The case was heard on the bill and answers by *White,* J., who reserved it for determination by this court. The facts are stated in the opinion.

The case was submitted on briefs.

*A. M. Alger,* for the plaintiff.

*J. B. Tracy,* for the defendant McDonald.

*R. P. Coughlin,* for the defendants Galligan.

MORTON, J. This case comes here on a reservation and report by a judge of the Superior Court on the bill and answers. The question at issue relates to the construction of the fifth clause of the will of one Edward A. Galligan of Taunton. The clause is as follows : " Fifth. I devise to my son Harry W. Galligan, all the real estate of which I may die possessed and he shall hold the same to him and to his heirs forever, provided however, that in case my said son shall die having no issue him surviving, or such issue shall decease during minority, then and in either of such cases, my will is that my brother James H. Galligan and my sister Ann Galligan shall have and take all my real estate remaining at the death of 'my son, share and share alike, to them and to their heirs forever." In addition to the averments contained in the bill and admitted by the answers, it is agreed that the testator died seised of several distinct parcels of land with the buildings thereon including the one which is the subject of this suit.

The plaintiff contends that the word " remaining " is not to be construed in the technical sense of a remainder, but as meaning such part of the real estate devised to him as shall not have been disposed of by him at his death; that the limitation over must

take effect, if at all, as an executory devise; that it cannot take effect as such because an absolute power of disposal is impliedly given him, and the limitation over is, therefore, void, and he takes an estate in fee simple absolute. The defendants contend that the proviso applies to all of the real estate devised to the plaintiff; that the effect of the devise is to vest in the plaintiff a qualified fee determinable upon the contingency of his dying without issue surviving him, or upon the death of such issue, if any, during minority; and that the limitation over is, therefore, a valid executory devise. It is manifest that, according as the plaintiff's or defendants' contention is sustained, the plaintiff can or cannot give " a good and clear title," as he has agreed to do, to the real estate in question.

We are unable to distinguish this case from *Kelley* v. *Meins*, 135 Mass. 231, and *Ide* v. *Ide*, 5 Mass. 500. In *Kelley* v. *Meins* there was first a devise to the son by the testatrix of all of her estate real and personal, " To have and to hold the same to him . . . his heirs, executors, administrators and assigns, forever." Then it was provided by a second codicil that the son should not come into possession till he reached the age of twenty-five, and by the first codicil that if he " shall die without leaving living issue, then any portion of my said estate and property which may remain shall be equally divided among my sisters and nieces and their female heirs and assigns." The son arrived at the age of twenty-five and died shortly after, intestate and without issue, and the trustee under the mother's will having in the mean time conveyed to him certain real estate which had come to him by the foreclosure of a mortgage and which the court treated as if the testatrix had been seised of it at her death. Thereupon the sisters and nieces of the testatrix brought a writ of entry against the heirs at law of the son to recover the premises which had been thus conveyed by the trustee to him. It was held that by the portion which should remain was meant the portion which should remain at the death of the son, and that the construction to be given to the will and the first codicil was that the son should have during his life the absolute power of disposition of all the property given to him; that this power of disposal was inconsistent with an executory devise, and that the limitation over was, therefore, void.

In *Ide* v. *Ide, ubi supra*, the devise was to a son and "his heirs and assigns forever" with a limitation over if the son should die and leave no lawful heirs of "what estate he shall leave, to be equally divided between my son J. and my grandson N. to them and their heirs forever." It was held that the limitation over was only of such estate as the son should leave at his death; that by necessary implication the testator intended that the son should have the power to dispose of any or all of the estate devised; and that that was inconsistent with the limitation over and the limitation was, therefore, void and the son took an absolute estate. See also *Richardson* v. *Noyes*, 2 Mass. 56; *Gifford* v. *Choate*, 100 Mass. 343; *Damrell* v. *Hartt*, 137 Mass. 218; *Joslin* v. *Rhoades*, 150 Mass. 301; *Knight* v. *Knight*, 162 Mass. 460; *Bassett* v. *Nickerson*, 184 Mass. 169.

"In the case at bar there is" as was said in *Ide* v. *Ide*, *supra*, "first an express fee simple devised" to the son, the plaintiff. This would give the plaintiff the absolute right to dispose of the property devised to him if it stood alone. Then follows the provision relied on by the defendant, "that in case my said son shall die having no issue him surviving, or such issue shall decease during minority, then and in either of such cases, my will is that my brother James H. Galligan and my sister Ann Galligan shall have and take all my real estate remaining at the death of my son," etc. By "estate remaining at the death" of the son is meant estate that shall not have been disposed of by the son during his life. It is upon such estate, if any, that the proviso is to take effect, and not upon all of the real estate devised. By necessary implication the son is to have the power to dispose of any or all of the estate devised to him. Such a power is inconsistent with an executory devise and the limitation over cannot therefore take effect as an executory devise.

Neither do we think that the effect of the limitation over is to cut down the son's estate to a life estate pure and simple, or to a life estate with a power of disposal, though the latter construction would not help the defendant. *Damrell* v. *Hartt, supra. Hale* v. *Marsh*, 100 Mass. 468. *Lyon* v. *Marsh*, 116 Mass. 232.

If by "estate remaining" were meant a remainder, in the technical sense of the word, applicable to all of the real estate devised to the son, then the limitation over could and should

take effect as an executory devise contingent upon the son's dying without issue or the issue dying during minority, and the son would take a qualified fee determinable on the happening of either one of those events; or, taking the whole devise together, perhaps it might be construed in such case as vesting in the son an estate for life with remainder to the brother and sister. *Whitcomb* v. *Taylor*, 122 Mass. 243. *Schmaunz* v. *Göss*, 132 Mass. 141. *Hooper* v. *Bradbury*, 133 Mass. 303. *Welch* v. *Brimmer*, 169 Mass. 204. But as already observed we think that, by " estate remaining " is meant what the son shall not have disposed of during his life, and not a remainder in the technical sense of that word.

The only objection that is made to the maintenance of the bill is that the plaintiff cannot give a good and clear title as he has agreed to do and that the defendant cannot and should not therefore be compelled to specifically perform the contract. For reasons stated above we are of opinion that the plaintiff can give " a good and clear title," and it follows that he is entitled to a decree in his favor.

*Decree for the plaintiff.*