Parker, J.
This is an action of tort in which the plaintiff seeks to recover damages' for personal injuries caused by the negligence of the defendant. The plaintiff claims to have fallen in the entry way of the defendant’s bus terminal located on Salem Square in the City of Worcester, which was owned and used by the defendant. The defendant’s answer is a general denial and contributory negligence upon the part of the plaintiff.
The report states that this suit was tried together with another case brought by the same plaintiff for the same injuries against the Grange Contracting Company, but makes no mention of the result of that trial.
*297 At the hearing before the Trial Judge, there was evidence tending to show that on January 26, 1942 the plaintiff passed through the entryway into the bus terminal and purchased a ticket for Hudson; that it was still daylight and the weather was clear; that the plaintiff remained in the terminal about ten minutes and then essayed to pass through the entryway into the street when she fell headlong on to the sidewalk. On that day construction and repair work was in progress on the premises of the bus station which required the erection of staging and protective planking in the entryway, as was revealed by the photographs admitted in evidence and produced before the Appellate Division.
The plaintiff testified that her fall was occasioned by stepping on some debris in the entryway which she described as “little stone or plaster” or “a little piece of brick,” which was presented to the Trial Court and to the Appellate Division as an exhibit in the case. The plaintiff also testified that she received injuries as the result of her fall.
One Greenwood, employed as a starter by the defendant, stated on examination at the trial that he was in the terminal; that he had heard the “banging and chipping of hrick”; that it was.he who picked up the plaintiff after she fell and helped her back into the building; that the plaintiff pointed out to him (Greenwood) the small piece of brick which she stated had caused her to fall. One Waters, the defendant’s treasurer, testified as to a contract between the defendant and the Granger Contracting Company for construction work on the defendant’s premises, and offered the original contract in evidence upon the issues of control and negligence. The Trial Court declined to receive the contract, and the defendant made a written claim for a report at the time of the ruling. The contract was annexed to and made a part of the offer of proof.
*298 Articles 27, 44 and 54 of the contract were specifically called to the attention of .the Trial Court by the defendant, and are set forth in the report as follows:
“Article 27 — Contractor’s Liability Insurance
The Contractor shall maintain such insurance as will protect him from claims under Workmen’s Compensation Acts and from any other claims for damages for personal injury, including death, which may arise from operations under this contract, whether such operations be by himself or by any sub-contractor or anyone directly or indirectly employed by either of them. Certificates of such insurance shall be filed with the owner if he so require and shall be subject to his approval for adequacy of protection.
“Article 44 — Cleaning up
The Contractor shall at all times keep the premises free from accumulations of waste material or rubbish caused by his employees at work, and at the completion of the work he shall remove all his rubbish from and about the building and all his tools, scaffolding surplus materials and shall leave his work ‘broom, clean’ or its equivalent unless more exactly specified. In case of dispute the Owner may remove the rubbish and charge the cost to the several contractors as the architect shall determine to be just.
“Article 54 — Insurance
The Contractor shall carry all necessary forms of insurance and shall hold the owners blameless in case of accident and every other loss covered by insurance and this shall include public liability and working man’s compensation. The Owner will carry fire insurance.”
Before the making of final arguments, the defendant filed the following requests for rulings:
“1. As matter of law on all the evidence the plaintiff cannot recover and finding must be for. the defendant. Reasons: A. There is no evidence of negligence upon the part of the defendant, its agents or servants. B. The plaintiff was herself negligent as matter of law. *299 2. As matter of law on all the evidence there is no evidence of negligence on the part of the defendant, its agents dr servants. 3. As matter of law on all the evidence there is no evidence that the foreign substance upon which the plaintiff fell had been present at the place where she fell for a sufficient length of time, so that the defendant, its agents or servants should in the exercise of care have discovered it and removed it. 4. As matter of law on all the evidence there is no evidence that the place where the plaintiff fell was, at the time she fell in the control of the defendant. 5. As matter of law on all the evidence a finding for the plaintiff is not warranted. 6. As matter of law on all the evidence the defendant is not legally responsible for the condition which caused the plaintiff to fall. ’ ’
The Trial Court filed the following memorandum of findings :
“I find that on the date the plaintiff received the injuries set forth in her declaration the defendant owned, operated and was in control of a bus terminal station at 1-3 Salem Square, Worcester, Massachusetts; that on said date alterations were going on in its building wherein said terminal station was located; that a contract existed for said work between the defendant and the Granger Contracting Company; that during said alteration work, said terminal was ‘open for business’ as set forth on the temporary construction boards which were in place around the entrance to said terminal station; that during said construction work debris from the alteration going on above said entrance fell on the entrance doorway leading from the sidewalk to the entrance door to said terminal, which said doorway was part of said terminal and under the control of the defendant; that the plaintiff entered said terminal to purchase a round-trip ticket from Worcester to Marlboro on the day set forth in her declaration, waited in said terminal for a few minutes and then stepped out on to the said entrance doorway and fell on part of the debris that had come down on to said doorway from the said construction work going on overhead at said time, and that the plaintiff who was in *300 exercise of due care as a result of said fall received injuries; that there had been a man sweeping said doorway and surrounding sidewalk, but had not done so for about fifteen minutes before the plaintiff fell as aboyé set forth, during which time, however, said construction work was going on overhead and said debris was falling upon said entrance doorway and sidewalk.
“Under the above finding of facts, I find for the plaintiff against the defendant and assess damages in the sum of two hundred and fifty dollars ($250.).
“Under the above findings, I refuse all of the defendant’s requests for rulings.”
Two important issues are presented for our consideration in this case.. The first is the admission of the original contract between the defendant and the Granger Contracting Company for construction work on the defendant’s premises. The second is that of negligence upon the part of the defendant.
The report states, “The original contract was offered in evidence upon the issues of control and negligence. The Trial Court declined to receive the contract, and the defendant made a written claim for a report at the time of the ruling.” Articles 27, 44 and 54 of the contract are set forth in detail herein. The contract provides, “The contractor shall at all times keep the premises free from accumulations of waste material or rubbish”; it further provides, “The contractor shall hold the owner blameless in case of accident”.
The decisions of our Supreme Court with reference to an independent contractor are divided into two groups. The point of view of the first group is well set forth in the case of Curtis vs. Kiley, 153 Mass. 126, in which the Court states:
“We think that the case falls within the rule, that when the owner of premises which are under his control employs an independent contractor to do work upon them *301 which from its nature is likely to render the premises dangerous to persons who may come upon them by the invitation of the owner, the owner is not relieved by reason of the contract from the obligation of seeing that due care is used to protect such persons.”
The point of view of the second group is given in the case of Pickett vs. Waldorf System, Inc., 241 Mass. 570, in which the Court states:
“The governing principle of law is well settled. The owner or occupant of a building who has used due care in selecting and agreeing with an independent contractor to do lawful work, is not responsible to third persons for the negligence of such contractor or his servants in the performance of the contract, unless the nature of the work is such that a nuisance will be created or wrongful consequences be brought to pass unless guarded against.”
We think that the Trial Judge should have admitted the offered contract, so that he might have had it before him to guide him, in determining first, whether there was any negligence; secondly, whether as a matter of fact the instant action came within the first or second type of cases. If the present case came within the first group, the contract would become immaterial; but if it came within the second group, it would be material. It was prejudicial error to exclude the original contract between the defendant and the Granger Contracting Company when it was offered in evidence. Because of the view that we have taken, we do not think it is necessary to pass upon the question of negligence.
The finding for the plaintiff is to be vacated and the case is to stand for a new trial.