JOHN H. SHERBURNE, trustee, *vs.* ESEK SISCHO & others.

Suffolk. Nov. 22, 1886. — Jan. 11, 1887.  HOLMES & GARDNER, JJ.,
absent.

A testator by his will gave the residue of his estate to his nephews and nieces,
"in severalty, to share and share alike," except A.; directed that one half of
each portion was to be paid by his executor to them, respectively, and the other
half of such portions was to form a trust fund for the benefit of the nephews
and nieces, the income to be equally divided during their lives; and then pro-
vided as follows : " At the decease of either of the said nephews and nieces, I
give and bequeath such one's half portion and interest on the trust fund to his
or her legal heirs; and, at the decease of all my nephews and nieces, I give and
bequeath the principal of said trust fund to their legal heirs, including A.'s
heirs." *Held*, that the last clause did not cut down the gift made in the
preceding clause.

BILL IN EQUITY, alleging the following facts :

Jacob Foss died on June 2, 1866. By his will, which was duly
admitted to probate, after making many specific devises and be-
quests, he appointed three persons as executors of his will, and
gave them authority to dispose of the remainder of his real and
personal estate, stating it to be his wish that the sale of no part
of his estate be forced, and none of the same be sacrificed ; and
that he did not anticipate that the whole could be disposed of
" under a term of ten years more or less." The will further pro-
vided as follows :

" Thirty-fourth. All the rest and residue of my estate, real,
personal, and mixed, I give, devise, and bequeath to my nephews
and nieces, in severalty, to share and share alike, except William
A. Foss, my brother Luther's oldest son. And I hereby direct
that my executors above named pay the same to my said nephews
and nieces, in equal proportions, whenever, at the end of each
six months, there shall be a sufficient sum to divide two hun-
dred dollars or more to each, except William A. Foss aforesaid,
until the whole of my estate is disposed of; as follows, to wit :
To those that have severally arrived at the age of twenty-one
years, one half of their portion ; and to the guardians of those
not arrived at the age of twenty-one years, one half of said
minors' portion ; — the other half of said portions to be invested
by my said executors in some safe and permanent security or
securities, as they shall think best, and be by them held in trust,

for the benefit of my said nephews and nieces, the income of which shall be equally divided between them during their lives, annually, or oftener, as my said executors may think best, according to the nature or source of said income; and, at the decease of either of the said nephews and nieces, I give and bequeath such one's half portion and interest on the trust fund to his or her legal heirs; and, at the decease of all my nephews and nieces, I give and bequeath the principal of said trust fund to their legal. heirs, — including William A. Foss's heirs, my brother Luther's oldest son."

The executors named in said will having discharged their duties as executors and declined to act as trustees under said will, the plaintiff, on July 17, 1880, was duly appointed and is now sole trustee under said will, and has qualified by giving bond. The property left by the testator was wholly personal, and has so remained under the trust.

On May 27, 1885, Lucy D. Sischo, a niece of the testator, and having, under the thirty-fourth clause of the will, an interest in the trust fund, died, leaving Esek Sischo, her husband, and Peninnah F. Sischo, her only child, fifteen years of age, surviving.

There are twenty-nine nephews and nieces of the testator still living, including William A. Foss; and the said Peninnah claims that one twenty-ninth part of the trust fund should now be paid over to her or to her guardian, but the plaintiff is in doubt whether he is not bound to retain such portion in trust until all the nephews and nieces have deceased.

The plaintiff asked for instructions on the following points:

1. Whether their portion of the principal of the trust fund should now be paid to heirs of the said Lucy D. Sischo, or whether the fund is to be kept undistributed until all the nephews and nieces have deceased.

2. Whether the defendant Esek is an heir of the said Lucy within the meaning of said will, and if so, to what portion of the trust fund or income he is entitled.

Esek Sischo filed an answer disclaiming any interest in the trust fund.

The other defendants submitted their claims to the consideration of the court, a guardian *ad litem* being appointed for Peninnah F. Sischo.

Jabez Fox, Esq., appointed by the court to represent persons not ascertained or not in being, having an interest in the trust fund, filed an answer, in which he contended that the fund should be kept intact until all of the testator's nephews and nieces should decease.

The case was heard by *Gardner*, J., on the bill and answers, and reserved for the consideration of the full court.

*J. Fox, pro se,* contended that the testator meant by "such one's half portion" the half portion which was not in the trust, but might not have been wholly paid to the first taker, because of the time required by the executors in winding up the estate; that "interest" was contrasted with "principal," and showed that the income only of the trust fund was to be paid to the heirs until all the nephews and nieces had deceased, and then the principal was to be distributed.

*S. T. Harris, contra.*

DEVENS, J. The question in this case arises on the residuary clause of the testator's will. By this he bequeathed the residue of his estate to his nephews and nieces, "in severalty, to share and share alike," except William A. Foss, his brother Luther's oldest son. One half of each portion was to be paid by the executors directly to them respectively, or their guardians when they were under age, and the other half of said portions was to form a trust fund for the benefit of said nephews and nieces, the income to be equally divided during their lives. The will then provides as follows: "At the decease of either of the said nephews and nieces, I give and bequeath such one's half portion and interest on the trust fund to his or her legal heirs; and, at the decease of all my nephews and nieces, I give and bequeath the principal of said trust fund to their legal heirs, including William A. Foss's heirs, my brother Luther's oldest son."

Lucy D. Sischo, one of the nieces, having died, her daughter Peninnah now seeks to have paid to her the share or the half portion held in trust primarily for the benefit of her mother, the trust fund contemplated by the will having been formed. If the husband of Lucy D. Sischo has any right in the fund, that right is expressly waived, and need not be considered. It is upon the claim made by Peninnah that the trustee, by this bill, seeks instructions.

But for the second of the two clauses above quoted, there could be no doubt that the first gave absolutely to the heirs of Lucy D. Sischo, upon her decease, her half portion, as it is termed in the will, with the right of present enjoyment. It is settled that, where an absolute estate is given by bequest or devise, in clear and apt words, this cannot be cut down to a less estate by subsequent words inconsistent therewith; and, such words being repugnant to the gift originally made, are treated as of no effect. *Kelley* v. *Meins*, 135 Mass. 231. The words of the second clause cannot be construed as indicating that, while the absolute estate in the half portion of each nephew and niece is given to their legal heirs upon their decease respectively, together with the income thereof, the actual division of the trust fund is to be postponed until the decease of the last of them. Even if this might have been done by appropriate words, such was not the object of the clause. The testator had excluded from the benefits of his will William A. Foss, one of his nephews, but the legal heirs of some of the nephews or nieces who were to take under his will might include heirs of William A. Foss. Awkwardly as it is expressed, this clause was intended to guard against any inference that, from the legal heirs of either nephew or niece, the legal heirs of William A. Foss were to be excluded. If, instead of "all," we read "each" or "every one of," in which sense the word is not infrequently, even if inaccurately, used, such intention would clearly be indicated. Nor is it any serious objection to such a construction that the words "principal of the trust fund" are used in the clause. These may properly be applied to the share or half portion of each nephew or niece included in the trust fund. The gift of the testator, as originally made, is "in severalty" and "share and share alike" to his nephews and nieces, with the exclusion of William A. Foss, and each half portion of nephew or niece is treated as a distinct and individual property. In our view, the second clause does not cut down or diminish the gift made by the first. It repeats it for the purpose of indicating that, by anything which the will may have contained, he did not intend to exclude William A. Foss's heirs from its benefits, if they were also heirs of either of the nephews or nieces.

It is suggested that the words "such one's half portion" used in the first clause may refer to the half portion not in trust, and .

which might not have been paid to the first taker; and that the word "interest" is contrasted with "principal," and shows that the income only was to be paid until the decease of all the nephews and nieces, when the principal was to be distributed. But the words of gift, "such one's half portion and interest on the trust fund," can only be construed as referring to the half portion included in the trust fund, and the interest of the nephew and niece therein, although the word "on" is used and not the word "in," and as bequeathing such half portion and all interest therein to the legal heirs of the nephew or niece deceased.

The trustee should, therefore, be instructed that the half portion heretofore held in the trust fund for the benefit of Lucy D. Sischo should now be paid to her daughter.          *So ordered.*

