(60 Misc. Rep. 381.)

### YOUNG et al. v. DU BOIS et al.

(Supreme Court, Special Term, New York County. August, 1908.)

1. WILLS (§ 683*)—CONSTRUCTION—"TRUST FUNDS."

Testatrix provided that in a certain contingency the trustee should pay over "all the aforesaid trust funds," mentioned in certain paragraphs of the will, to a corporation named. *Held*, that the words "trust funds" meant trust estates, and not trust moneys.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 683.*

For other definitions, see Words and Phrases, vol. 8, p. 7127.]

2. WORDS AND PHRASES—"ALL."

The word "all" has a distributive as well as a collective meaning. One of the definitions given by the Standard Dictionary is "the entire number," each individual or member being taken separately; and under the word "distributive," the Standard Dictionary says, "all" and "every" are distributive words.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 312–335; vol. 8, pp. 7572, 7573.]

Action by Frank L. Young and others against William M. Du Bois and others to construe a will. Judgment rendered.

Rounds & Schurman, for plaintiffs.

Grenville B. Winthrop, guardian ad litem, for defendant Mabel Du Bois, Jr.

Manierre & Manierre, for defendant Blanche Du Bois McKee. (Blanche Du Bois McKee is the same person as Ivy Blanche McKee.)

Grosvenor S. Hubbard, for Woman's Board of Foreign Missions.

Charles Haines, for defendant William M. Du Bois.

GOFF, J. The only defendant of the six who contests the validity of the four trusts created by the testatrix is the residuary legatee, William M. Du Bois. He endeavors to do this by straining the meaning of three words in paragraph 12, which reads as follows:

"It is my will, and I hereby direct that if the said Mabel Du Bois should die without issue or direct descendants, that the said trustee shall pay over

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all of the aforesaid trust funds mentioned in the fourth, seventh, eighth and eleventh clauses or paragraphs of this my will, and all accumulations thereon, to the Woman's Board of Foreign Missions of the Presbyterian Church, a corporation of the city of New York, having its principal office in the city of New York."

It is not disputed that the four trusts mentioned are within the provisions of the statute, if taken separately; but defendant urges that the words "all" and "trust funds," as used in paragraph 12, are of such peculiar import that they show the testatrix's intention of creating a single trust from the four. As it happens, defendant's daughter Mabel Du Bois, Jr., is the second and last beneficiary in the first three trusts and the sole beneficiary in the last, the remainder to go to her heirs in each case. This fact may have lent some color to defendant's contention. One of the definitions given the word "all" by the Standard Dictionary is "the entire number of, each individual or member being taken separately," and under the word "distributive" the Standard also says "'all' and 'every' are distributive words." From this it appears that "all" has a distributive as well as a collective meaning. Defendant urges the latter as the one intended by testatrix; but "we are in duty bound to reject that construction, if any fair and reasonable interpretation of the testator's language enables us to save his dispositions and give his will effect." Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481.

As to the interpretation of the phrase "trust funds," her intention as expressed in those words is made clear by an examination of paragraph 13 of the will. It reads:

"In the event that Frank L. Young should not survive me or in the event that he should die leaving the *trusts created by the fourth, seventh, eighth and eleventh clauses* or paragraphs thereof, or *either of them*, unexecuted, then and in either of those events, I give the *aforesaid trusts fund* to the Knickerbocker Trust Company of the City of New York, and its successors in trust, for the same *purposes* and subject to the same conditions as are set forth in the aforesaid fourth, seventh, eighth and eleventh clauses or paragraphs."

If there were any doubt of testatrix's intention in the twelfth paragraph, it is dissipated by the words I have italicized in the succeeding one. From a reading of this paragraph it must become evident that what testatrix meant by the words "trust funds" was "trust estates," and not "trust moneys." It is clearly susceptible of such a construction, and if that be necessary to preserve the validity of the trusts it must be adopted. Vanderpoel v. Loew, supra. A court will not endeavor to invalidate the provisions of a will, but on the contrary will avail itself of every reasonable and legal means to give them effect. Applying this rule, I am bound to declare the trusts to be valid. This ruling also disposed of the question as to whether or not the property of such trusts would go to the residuary legatee upon the trusts being declared invalid.

Judgment accordingly.