J. H. SHERBURNE, trustee, *vs.* ALTON C. LITTEL & others.

Middlesex.   December 7, 1914. — February 27, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.   .

*Trust,* Construction.   *Equity Jurisdiction,* Bill for instructions.   *Will.   Stare Decisis.   Res Judicata.*

The decision in *Sherburne* v. *Sischo,* 143 Mass. 439, affirmed.

Where, about twenty-eight years ago in a suit in equity by the trustee under a certain will, in which instructions were sought as to the meaning of a certain clause of the will and all living persons beneficially interested had had an opportunity to be heard and a guardian *ad litem* for persons who were not in being and who might become interested had appeared and contested, this court rendered a decision which has been acted upon by the trustee and his successor in a number of payments under the clause in question and has been followed and cited in later decisions of this court in other suits, such decision should not be reversed nor modified in another suit in equity by a succeeding trustee under the same will for instructions as to the meaning of the same clause.

*Whether* all the parties in the present suit were represented in the former suit in such a way that the decision and decree in the former suit made *res judicata* the issues raised in the present suit, was not determined, this court preferring to rest its decision in the present suit upon the soundness in principle of the previous decision.

Where an absolute estate is given by a paragraph of a will in clear and unmistakable language, it cannot be cut down to a less estate by subsequent words in the same paragraph inconsistent therewith.   Such subsequent words are treated as of no effect.

CROSBY, J.   This is a bill in equity for instructions brought by the trustee under the will of Jacob Foss and is before this court on appeal from a decree of the Probate Court by the defendants

Littel who are the heirs at law of William A. Foss, they being the only children of his deceased daughter.*

The testator died in 1866, leaving at that time thirty-four nephews and nieces, among whom were William A. Foss and Lucy C. Williams. William A. Foss died in 1893, and Lucy C. Williams died on August 10, 1913.

The question presented relates to the construction of the thirty-fourth clause † of the will, which provides for the disposition of the rest and residue of the estate. The construction of this clause of the will was before this court in *Sherburne* v. *Sischo*, 143 Mass. 439, and is governed by it. That was a bill in equity for instructions as to the same clause in the will. The plaintiff in that case was the sole trustee under the will and after his decease the present plaintiff was duly appointed and is now the sole trustee under the will.

In 1885, Lucy D. Sischo, a niece of the testator, died leaving Peninnah F. Sischo, her only child, fifteen years of age, surviving. It was contended that the income only of the trust fund was to be paid to the heirs until all the nephews and nieces had

---

* The case was reserved for the full court by *Hammond*, J.

† This clause was as follows: "Thirty fourth. All the rest and residue of my estate, real, personal and mixed, I give devise and bequeath to my nephews and ne*i*ces in severalty, to share and share alike, except William A Foss my brother Luther's oldest son. And I hereby direct, that my Executors above named pay the same to my said Nephews and Ne*i*ces in equal proportions whenever at the end of each six months there shall be a sufficient sum to divide two hundred dollars or more, to each, except William A Foss aforesaid, until the whole of my estate is disposed of, as follows, to wit: To those that have severally arrived at the age of twenty one years, one half of their portion: and to the Guardians of those not arrived at the age of twenty one years, one half of said minors' portion: the other half of said portions to be invested by my said Executors in some safe and permanent security or securities, as they shall think best, and be by them held in trust, for the benefit of my said nephews and ne*i*ces, the income of which, shall be equally divided between them during their lives, annually or oftener as my said Executors may think best according to the nature or source of said income, and at the decease of either of the said nephews and ne*i*ces, I give and bequeath such one half portion and interest on the trust fund to his or her legal heirs: and at the decease of all my nephews and ne*i*ces, I give and bequeath the principal of said trust fund to their legal heirs, including William A Foss heirs, my brother Luther's oldest son."

deceased, and then the principal was to be distributed. That contention was not sustained by this court, but it was held that the testator had excluded his nephew, William A. Foss, from the benefits of his will, and that as an absolute estate was given to the heirs of the nephews and nieces respectively upon the decease of such nephews and nieces, the gift could not be cut down to a less estate by subsequent words inconsistent therewith, and that therefore the trust fund held for the benefit of Lucy D. Sischo then should be paid to her daughter.

The defendants Littel claim that the heirs at law of William A. Foss became entitled to one thirty-fourth part of the trust fund at his death, which occurred in 1893, and that in computing the share to be paid to the heirs of Lucy C. Williams the plaintiff should allow for the payment of a share to the heirs of William A. Foss.

The difficulty with this contention is that this court, in *Sherburne* v. *Sischo,* held that neither William A. Foss nor his heirs were entitled to share in the trust fund. The decision in that case was rendered about twenty-eight years ago; and at the date of the death of Lucy D. Sischo there remained twenty-nine nephews and nieces, including William A. Foss, surviving.

An inspection of the original papers in that case shows that a final decree was entered by a single justice of this court, providing in part, "that the plaintiff pay to the said Peninnah F. Sischo . . . one twenty-eighth part of the principal of said trust fund now in his hands." This decree was assented to by all parties in being and by a guardian *ad litem* who was appointed by the court and represented persons not ascertained or not in being.

The decree clearly shows that in determining that one twenty-eighth part of the fund should be paid to the heir at law of Lucy D. Sischo, William A. Foss and those who might claim under him as his heirs were excluded from participation in any portion of the trust fund.

In *Sherburne* v. *Sischo,* it is plain that not only the question whether any portion of the principal of the trust fund was to be paid over to the heir of the deceased niece at that time was involved, but the question as to what portion of the trust fund was to be so paid was also a material issue and necessarily in-

volved in the determination of the questions raised. It cannot therefore be contended that the decision in that case or any part of it was merely dictum.

In the meantime the number of nephews and nieces living at the date of the death of Lucy C. Williams has been reduced to eleven, exclusive of William A. Foss or his heirs.

It would seem that, unless we are prepared to reverse the former decision rendered by this court as to the construction of the thirty-fourth clause of this will, the decree of the Probate Court must be held to be correct, and that the heirs of Lucy C. Williams should be paid one twelfth part of the principal of the trust fund; and that neither William A. Foss nor his heirs are entitled at the present time to any portion of, or have any interest in, the principal of the trust fund.

We are not disposed to question the correctness of the construction placed upon the clause in question by this court in *Sherburne* v. *Sischo,* the principle upon which that decision rests being that where an absolute estate is given by bequest or devise in clear and unmistakable language it cannot be cut down to a lesser estate by a subsequent provision inconsistent with the gift. *Bassett* v. *Nickerson,* 184 Mass. 169, 176. *Knight* v. *Knight,* 162 Mass. 460. *Joslin* v. *Rhoades,* 150 Mass. 301. *Kelley* v. *Meins,* 135 Mass. 231.

In *Bullard* v. *Chandler,* 149 Mass. 532, at page 536, this court, in affirming the soundness of this rule, cites as an authority therefor *Sherburne* v. *Sischo,* 143 Mass. 439. If we doubted the correctness of the construction heretofore placed upon this clause of the will by this court, we should hesitate to reverse it except for most impelling reasons. Since the former decision sixteen nephews and nieces have died, and after each such death the trustee, undoubtedly acting in accordance with the former decision, has made a division of the principal of the trust fund. To reverse that decision which has been acted upon by the trustee for a period of about twenty-eight years would without doubt result in confusion and uncertainty, which ought to be avoided except for urgent reasons. *Southard* v. *Southard,* 210 Mass. 347, 359.

During all the years that have elapsed since that decision was rendered, it has been followed and so far as appears never has been questioned by William A. Foss, or by his heirs, until this

time. It is contended by the heirs of Lucy C. Williams that the heirs of William A. Foss were represented in the former suit by a guardian *ad litem* who was appointed by order of the court, that therefore they were parties to that proceeding, and that the decision therein is as to them *res judicata*. There is much force in this contention, but we prefer to rest our decision upon the broad ground that the interpretation of the thirty-fourth clause of the will adopted in *Sherburne* v. *Sischo*, both upon principle and authority, is correct and should be followed and affirmed in this case.

The decree of the Probate Court should be affirmed and the case remanded to that court for further proceedings.

*So ordered.*

*F. G. Goodale,* for the trustee, stated the case.
*A. T. Wright,* for the defendants Alton C. and Ethel G. Littel.
*C. C. Barton, Jr.,* for the defendant Etta P. Clark.
*R. H. Wiswall,* guardian *ad litem, pro se.*