FREDERICK W. DALLINGER, administrator with the will annexed,
*vs.* MARY C. MERRILL, executrix, & others.

Suffolk.   March 24, 1916. — June 22, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy.   Executor and Administrator.   Equity Jurisdiction,* Bill
for instructions.   *Equity Pleading and Practice,* Decree.

A testator, whose will was in his own handwriting and apparently was drawn by
him without consultation with counsel, provided in that will as to the residue
of his estate, first, that his wife "during her life" should have the income of
the residue with a power to use the principal for "the best interest of my children
at her discretion" and upon her death "the residue to be divided equally among
my children," that, if either of his children should have died without receiving
his or her share of his estate and should have left a child or children surviving,
the share of such deceased child should go to his or her issue, but that if any of
his children should have died before receiving his or her share and should have left
no child surviving, the share of such deceased child should go to his or her brothers
and sisters and their issue, if any, according to the right of representation.
The testator then provided as follows: "And my will further is that if at any
time after one year from the time of my decease, no child of mine shall be
surviving my said executrix shall use all the said estate for her sole and separate

use and benefit in all respects as she shall think best (both principal and interest) and may dispose of the same by will, but in case she should die after the death of all my children and shall not have disposed of all my said estate by will or otherwise that the residue thereof shall be divided equally among my sisters, A and M, (or be given to the survivor of them in case either of them shall die without leaving children) for their sole and separate use and benefit and that of their children." The testator was survived by his wife, who waived the provisions for her in the will and claimed her statutory share of his estate. He also was survived by an only child, a son, who died testate and childless, leaving all his property to his widow. The widow of the first named testator was living. *Held,* that by the clause quoted above the testator in enlarging the power of his wife over the residue of his estate after the death of all his children, did not make an absolute gift to her of the whole property, but on the contrary made a valid gift over to his sisters.

And, therefore, the widow having waived the provisions for her in the will, upon the death of the son during the widow's lifetime the sisters took an absolute estate in the residue subject to the statutory rights of the widow.

Where on a bill by an administrator for instructions the plaintiff is ordered to pay a share of the residue of an estate to the legal representative of a deceased residuary legatee, and where there is no dispute as to such share nor as to the persons entitled to receive it, it may be ordered in the alternative that the payment of such share may be made directly to the children of such deceased legatee without the appointment of an administrator to receive and distribute it.

LORING, J.   Under the will of his mother, James C. Merrill was entitled to a fund upon the death of his sister, the life tenant. Upon the death of the sister in 1912, the fund in question was paid to the plaintiff as the administrator with the will annexed of James C. Merrill's estate.   The question presented by this bill for instructions arises under the third and fourth clauses of his will,* made in 1852.   At that time the testator was a comparatively

---

* The case was reserved by *Loring,* J., for determination by the full court. The third and fourth clauses of the will were as follows: "In the second place, I give, devise and bequeath to my said executrix, all the property real, personal or mixed of which I shall die seized and possessed or to which I shall be entitled at the time of my decease, (except what may be necessary for the payment of my just debts and funeral expenses as above provided for) to have and to hold the same to her sole and separate use and benefit, or for the best interest of my children at her discretion, during her life, and after her death the residue to be divided equally among my children for their sole and separate use and benefit; and in case either of my children shall have died before receiving his or her share of my said estate and shall have left a child or children surviving that portion of such deceased child shall be divided equally among his or her surviving children according to the right of representation; but if such deceased child shall have left no child sur-

young man with a wife and one child.  By the third clause he gave
to his wife a life estate in the residue with a power of using the
principal "for the best interest of my children at her discretion"
and upon her death "the residue to be divided equally among
my children."  He then provided that, if either one of his children
should die "before receiving his or her share of my said estate"
and should have left a child or children surviving, the portion of
the deceased child should be divided equally among his or her
children, and, if such deceased child should not leave issue sur-
viving, the portion of the deceased child should be equally divided
among his or her surviving brothers and sisters or their children
by  right of representation.

Then comes the fourth clause.  That clause provides:  "And my
will further is that if at any time after one year from the time of
my decease, no child of mine shall be surviving my said executrix
shall use all the said estate for her sole and separate use and
benefit in all respects as she shall think best (both principal and
interest) and may dispose of the same by will, but in case she should
die after the death of all my children and shall not have disposed
of all my said estate by will or otherwise" the residue shall be
divided equally between his sisters, naming them, with some
qualifying words.

The provision as to waiting for one year after the decease of
the testator was manifestly inserted to cover the period of gesta-
tion.  This clause begins as if it were an independent clause,
making a new disposition of the residue without regard to the
disposition of it made in the third clause.  But if the clause is

---

viving that the portion of such deceased child shall be divided equally among
his or her surviving brothers and sisters, or their children according to the
right of representation.

"And my will further is that if at any time after one year from the time of
my decease, no child of mine shall be surviving my said executrix shall use
all the said estate for her sole and separate use and benefit in all respects as
she shall think best (both principal and interest) and may dispose of the
same by will, but in case she should die after the death of all my children
and shall not have disposed of all my said estate by will or otherwise that
the residue thereof shall be divided equally among my sisters, Anna S. Merrill
and Matilda E. Merrill, (or be given to the survivor of them in case either
of them shall die without leaving children) for their sole and separate use
and benefit and that of their children."

taken to be such a disposition of the property the result would be
(in the event which has taken place) that there are two inconsistent
dispositions of the residue subject to the life estate of the testator's
widow.

The events which have taken place are these: The testator
died in 1869. His estate (both real and personal) was exhausted
in paying his debts.* His widow renounced the provisions made
for her in her husband's will. She is now living, an insane person
under guardianship. The testator's child who was living in 1852
(when the will here in question was made) was the only child the
testator had. He was a son. He died testate in 1902, leaving a
widow who was appointed executrix of his will and was the sole
legatee thereunder. The right of the widow of the testator to have
her statutory interest in this fund is not disputed. The contest
in this case is between the widow of the son and the sisters of the
testator who claim under the gift over to them under the fourth
clause of his will.

The fact that the fourth clause, if construed as an independent
gift, results in there being two inconsistent gifts of the residue
after the life estate of the testator's widow shows that the fourth
clause cannot be so construed. Construed in connection with the
third clause the testator's intention seems to be pretty plain.
Moreover these two clauses are to be construed in the light of the
fact that the will is in the testator's own handwriting and appar-
ently was made by him without consultation with counsel. Put-
ting ourselves in the testator's place when this will was made by
him, and under the circumstances which existed at the time it was
executed, What was his intention? It is plain that the testator
first said: I wish my wife "during her life" to have the income of
the residue of my estate with a power to use the principal for "the
best interest of my children at her discretion;" after her death I
wish "the residue to be divided equally among my children."
But if either of my children shall have died before receiving his
or her share of my estate and shall have left a child or children

---

* The fund which was the subject of the controversy consisted of about
$13,000 of personal property which came to the administrator *de bonis non*
with the will annexed of the estate of James C. Merrill, long after the death
of his testator, under a trust created by the will of Anna S. Merrill, the
mother of James C. Merrill.

him surviving, the share of such deceased child shall go to his issue. But if either of my children shall have died before receiving his or her share of my estate and shall have left no child surviving, the share of such deceased child shall go to his brothers and sisters and their issue, if any, according to the right of representation. The testator then pauses and says to himself: I have now disposed of the residue of my estate by giving it to my wife for life with a power of using it "for the best interest of my children at her discretion," if I have a child living at the date of the death of my wife, the gift over in favor of my children takes effect. But suppose all my children die without having received their share of my estate, what then? Having that contingency in mind he writes: "And my will further is that if at any time after one year from the time of my decease, no child of mine shall be surviving" my wife shall have a larger power of disposing of the estate than I gave to her in case there were children of mine living. In that case she shall have full power of using up, that is, consuming, the property during her life and also full power of disposing of it by will. But, if she does not do so, whatever is left shall go to my sisters.

It seems pretty plain that the fourth clause was intended by the testator to be thus read in connection with the third clause. But even if this clause is not to be read in detail in that way, the mere fact that the fourth clause construed as an independent gift results in a conflicting disposition of the residue after the death of the testator's widow, is of itself enough to show that the fourth clause must be construed in connection with the third clause and the same result is reached.

The correctness of this result has not been seriously questioned by the widow of the testator's son. Her contention is that the gift made to the widow of the testator in the fourth clause is an absolute gift of the residue of the testator's estate, and if that be so, the gift over of the residue to the sisters of the testator is void under the doctrine of *Ide* v. *Ide*, 5 Mass. 500, affirmed in *Galligan* v. *McDonald*, 200 Mass. 299. For a later case, see *Sherburne* v. *Littel*, 220 Mass. 385, 388.

Therefore the question which we have to decide comes down to the question of the construction of the gift to the widow of the testator contained in the fourth clause.

Where a will contains a gift of the use and improvement of the estate of the testator and does not contain any other disposition of his property, there is an absolute bequest of personal property to the legatee named and a devise in fee if the property is real estate. *Chase* v. *Chase*, 132 Mass. 473. *Hayward* v. *Rowe*, 190 Mass. 1. So far as the terms used in the fourth clause are concerned there would have been an absolute gift of the personal property to the testator's widow, within the rule stated above, if the provision of that clause had been the only provision contained in the will disposing of the testator's personalty. But the provisions of the fourth clause in favor of the testator's widow are not the only provisions of the will disposing of his property. In the third clause there had been in terms a bequest to the widow "during her life" with limited power of disposition of the principal. The provisions in favor of the testator's widow contained in the fourth clause must be construed in connection with that provision of the third clause. So construed they gave to the testator's widow a more ample power of disposing of the principal both during her life and by her will and this is followed by a gift over of the principal not disposed of by her in the exercise of the powers thus given her.

The argument of the learned counsel for the son's widow (the executrix of his will and the sole legatee under it) is that the rule of *Ide* v. *Ide* is law. Of that there is no doubt. But that is not the question which we have to decide. The question which we have to decide is whether the gift to the testator's widow comes within that rule. The rule of *Ide* v. *Ide* is that where the first gift is a gift of the whole property (that is, an absolute bequest of personalty or a devise in fee of real estate) the gift over is bad. The question we have to decide is whether the gift to the testator's widow contained in the fourth clause is such a gift. We are of opinion that it is not. We have examined all the cases relied on by him.* Without stating in detail the terms of the first gift in those cases, there is not one of them which helps this defendant

---

* The cases here referred to are: *Burbank* v. *Whitney*, 24 Pick. 146; *Tracy* v. *Kilborn*, 3 Cush. 557; *Damrell* v. *Hartt*, 137 Mass. 218; *Sherburne* v. *Sischo*, 143 Mass. 439; *Joslin* v. *Rhoades*, 150 Mass. 301; *Foster* v. *Smith*, 156 Mass. 379; *Hunting* v. *Damon*, 160 Mass. 441; *Knight* v. *Knight*, 162 Mass. 460; *Kelley* v. *Meins*, 135 Mass. 231; *Galligan* v. *McDonald*, 200

in her contention that the gift made to the widow of the testator in the fourth clause was an absolute gift of the personal property. The gift comes within the following cases: *Chase* v. *Ladd,* 153 Mass. 126; *Kent* v. *Morrison,* 153 Mass. 137; *Baker* v. *Thompson,* 162 Mass. 40; *Collins* v. *Wickwire,* 162 Mass. 143; *Lewis* v. *Shattuck,* 173 Mass. 486; *Dana* v. *Dana,* 185 Mass. 156; *Hayward* v. *Rowe,* 190 Mass. 1; *Ware* v. *Minot,* 202 Mass. 512. The gift made to the testator's widow in the fourth clause could not be held to be an absolute gift without overruling most if not all of these cases.

The widow of the son has in effect made the further contention that a gift of a life estate, with an absolute power to the life tenant of disposing of the principal during her life and at her death by will, amounts to a fee, and for that reason this case comes within the doctrine of *Ide* v. *Ide, ubi supra.* But that is not so. It is within the power of a testator to give property to another for life with full power of disposing of the principal during his life and by will at his death, and yet what is given is a life estate coupled with a power and not an absolute gift of personal property, or a devise in fee of real estate. *Dana* v. *Dana,* 185 Mass. 156. This is not the only instance in the law where a conveyance or devise is valid if properly drawn, while a conveyance or devise improperly drawn which accomplishes the same practical result is void. For example, it is settled that a conveyance or a bequest by a husband to his wife so long as she shall continue to be his widow with a gift over in case she marries again is valid, while a conveyance or devise by a husband to his wife upon condition that she does not marry again with a conveyance over if she does marry again is void.

The result is that, subject to the right of the widow of the testator to her statutory rights, the residue is to be paid over by the plaintiff, one half to the executrix of the will of Matilda E. Adams (the sister called in the fourth clause Matilda E. Merrill) and the other half to the administrator of the estate of Anna S. Ward (the sister of the testator called in the fourth clause Anna S. Merrill) or, there being no contention on the point, this half may

Mass. 299; *Sherburne* v. *Littel,* 220 Mass. 385, at page 388; *Bassett* v. *Nickerson,* 184 Mass. 169.

be paid directly to her children, the terms of the decree to be settled by a single justice.

. *So ordered.*

*T. W. Cunningham,* for the guardian of the widow of the testator.

*A. D. Hill,* (*P. E. Costello* with him,) for the children of Anna S. Ward, a sister of the testator.

*W. D. Turner,* for the widow of the son of the testator.