## SIMONS-MAYRANT COMPANY *ET AL.* v. QUERY *ET AL.*, STATE TAX COMMISSION

(143 S. E., 808)

Licenses—Statute Relating to Building Contractors' Licenses Imposes Tax on Each Individual Contract of Whatever Class (Revenue Act of 1927, § 20).—Revenue Act of 1927, § 20 (35 St. at Large, p. 150), relating to license tax imposed on building contractors, imposes tax on each individual contract, and holding of license for contracts in one class does not entitle contractor without payment of further licenses to enter into other contracts, contract price of which does not exceed maximum amount of class for which that license was issued.

Before Townsend, J., Charleston, December, 1927. Affirmed.

Suit by the Simons-Mayrant Company against W. G. Query and others, members of the South Carolina Tax Commission, and other suits by the same or different plaintiffs against the same defendants, heard together. From the decree, plaintiff appeals.

The agreed statement of facts is as follows:

It is hereby agreed by and between the counsel for plaintiff and defendants that the following shall constitute the agreed statement of facts in the trial of this cause:

(1) The Act of the General Assembly of the State of South Carolina, entitled "An Act to raise revenue for the support of the State Government," approved April 22, 1927, as appears in the Thirty-fifth Volume of the Statutes at Large of South Carolina, p. 121 et seq., is to be considered as if fully herein set forth.

(2) That the plaintiff, Simons-Mayrant Company, had issued to it by the defendants a license under the provisions of the said Act, which entitled it to enter into a contract in the State of South Carolina, the contract price of which did not exceed the sum of $250,000, and that the sum of $300 was paid to the defendants therefor.

(3) That thereafter this plaintiff entered into four contracts in the State of South Carolina, the contract price of none of which exceeded the sum of $250,000, the said contracts being more particularly set forth in Paragraph 6 of the complaint.

(4) That the defendants demanded from this plaintiff the payment of an additional license tax for each one of said contracts; the tax demanded being: $100 on the Prettyman contract; $100 on the A. C. Connelly Company contract; $300 on the State Highway Department contract; and $100 on the People's First National Bank of Charleston contract. That the plaintiff paid these taxes under protest and within 30 days after the payment of the same this suit was commenced for the recovery thereof.

(5) That the question to be considered by the Court is whether, under the provisions of the Act, a license has to be taken out on each contract entered into in this State, or whether the holding of a license for contracts in one class entitled the contractor, without payment of further licenses, to enter into contracts, the contract price of which does not exceed the maximum amount of the class for which that license was issued.

The tax commission has ruled that each individual contract is subject to a license tax, and, under this ruling, has collected a large amount of tax from various contractors throughout the State, which was not paid under protest. The only tax paid under protest was the tax paid by the parties in the cases now before the Court.

*Mr. J. N. Nathans,* for appellants, cites: *Construction of statutes:* 68 S. C., 564; 99 S. C., 220; 86 S. C., 422; 104 S. C., 346. *Any ambiguity in a tax statute should be resolved in favor of taxpayer and against the government:* 128 S. C., 21; 37 C. J., 170; 6 S. C., 1; 54 S. C., 266; 129 S. C., 496.

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for respondents, cite: *The word "all" is used in the sense of each or every:* 134 S. W., 906; 117 N. Y. Supp., 346. *Construction of statute:* 129 S. C., 480; 112 S. C., 528; 25 R. C. L., 1029, Sec. 265. *Construction of tax statute by Tax Commission should not be set aside, except for good and sufficient reasons:* 100 S. E., 215. *Rule that where tax statute is ambiguous same should be construed in favor of taxpayer does not apply where intention of legislature clearly expressed in statute:* 129 S. C., 480.

June 14, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This appeal involves a construction of the Revenue Act of 1927, § 20 (35 St. at Large, p. 150), relating to the license tax imposed upon contractors.

Practically the same questions arise in all of the cases, the appeals in which have been agreed to be heard together. For convenience, the case of Simons-Mayrant Company will be considered, the decision of which will be controlling upon all of the others.

The Simons-Mayrant Company, contractors, in the year 1927, having entered into a contract for the construction of one of the projects enumerated in Section 20, Subd. 1, of the said Act, the contract price of which was in excess of $100,-000, but less that $250,000, paid to the Tax Commission the sum of $300, as provided in said subdivision, as an "Additional License Fee," and received from the Tax Commission "a license under the provisions of the said Act, which entitled it to enter into a contract in the State of South Carolina, the contract price of which did not exceed the sum of $250,000" (a quotation from Paragraph 2 of the "Agreed Statement of Facts").

(It is not so stated in the transcript, but it is assumed, that they paid also the annual license tax required by the first paragraph of said subdivision, $100.)

Thereafter the company entered into the following other contracts, among the enumerated projects:

Prettyman & Sons ........................$ 14,000.00
Connelly Company ........................ 20,257.60
State Highway Commission ................ 215,883.17
People's Bank ........................... 27,329.00

—none of which exceeded the sum of $250,000.

In addition to the license fees paid by the company upon the first contract upon which it had paid the $300 referred to, and assumably the $100, the Tax Commission demanded the payment of additional license taxes upon the four contracts above enumerated:

On the Prettyman contract ...................$ 100.00
On the Connelly contract ..................... 100.00
On the Highway contract ..................... 300.00
On the Bank contract ........................ 100.00
                                            _____
Total ...............................$ 600.00

The company paid the demanded taxes under protest, and within 30 days thereafter instituted the present action for the recovery thereof, the question to be considered being whether, "under the provisions of the Act, a license has to be taken out on each contract entered into in this State, or whether the holding of a license for contracts in one class entitled the contractor, without payment of further licenses, to enter into contracts, the contract price of which does not exceed the maximum amount of the class for which that license was issued."

By consent all of these cases were heard together by Hon. W. H. Townsend at chambers in Columbia, S. C., on December 3, 1927, upon an agreed statement of facts, which is hereafter set forth, and filed a decree in each of the cases,

dismissing the complaints on the grounds which will appear in the decree.

The decree of his Honor Judge Townsend, dated December 8, 1927, is as follows:

"This case was submitted to me upon an agreed statement of facts filed herewith. It involves the construction of the provisions of the twentieth section of an Act, No. 73, 'To raise revenue for the support of the State Government,' approved 22nd April, 1927, 35 St. at Large, p. 150, levying an excise tax on contractors. The Act was passed as a substitute for House Bill No. 717, which expressly required contractors who should undertake to construct any building * * * or other work to pay for each building * * * or other work so undertaken a license tax, based upon the total contract price or estimated cost of such building * * * or other structure. The South Carolina Tax Commission has so construed the provisions of the Act with reference to the additional license fee on contractors, who undertake or execute a contract for the construction of any building * * * or other structure or improvements, based on the contract price or estimated cost of the undertakings. The Act provides that 'these licenses (prescribed for contracts involving different amounts) shall apply to *all* individual contracts and *not to the gross annual business.'* The word 'all' has a distributive as well as a collective meaning. One of the definitions given by the Standard Dictionary is 'the entire number,' each *individual* or member being taken separately; and under the word 'distributive,' the Standard Dictionary says 'all' and 'every' are distributive words. *Young v. DuBois,* 60 Misc. Rep., 381; 113 N. Y. S., 456, 457; 1 Words and Phrases, Second Series, p. 183. 'All' is frequently, if inaccurately, used in the sense of 'each or every one of.' *Sherburne v. Sischo,* 143 Mass., 439; 9 N. E., 797. A fee bill giving a constable traveling expenses in *all* cases has been construed to mean in *each* case. *McGee v. Dillon,* 103 Pa., 435. In the statute

now under consideration the performance of each individual contract by the contractor is intended to be taxed rather than the contractor's gross annual business, though the latter would include his performance of each of his several contracts. The license tax is intended to be assessed separately upon each separate contract entered into by the contractor for the erection of a particular building, improvement, or structure, except where more than one contract is entered into by the contractor for different portions of the same building, improvement or structure. See Cooley, Taxation, § 1702.

"The provisions: 'In the event any person . * * * has procured a license in one of the lower classes above provided for, and desires to contract * * * any of the above-mentioned improvements or structures, * * * the completed cost of which is greater than that covered by the license already secured,' he may secure a license covering a building of such higher cost by paying the difference between the cost of the license surrendered and the price of the license desired, applies only to cases where the greater cost is for the erection of the same building, improvement or structure for which a lower license had been obtained.

"I am of the opinion, under the agreed statement of facts, that the license taxes paid by the plaintiff were legally due.

"It is therefore ordered, adjudged, and decreed that the complaint be, and the same is hereby, dismissed."

From this decree the plaintiff has appealed upon the following exceptions:

"(1) That his Honor erred in holding that the statute under consideration intended that the performance of each individual contract by the contractor should be taxed; whereas, he should have held that, where the contract price of new contracts does not exceed the cost of the class in which the contractor holds a license, he is not required to take out an additional license for contracts in that class sub-

·sequently entered into during the year for which the license was issued.

"(2) That his Honor erred in holding that the provisions in the Act providing for the surrender of a license in the lower class and the payment of the difference between the cost of that license and the price of the license in the higher class applied only to cases where the greater cost is for the erection of the same building, improvement, or structure, for which the lower license had been obtained; whereas, he should have held that that provision in the Act applied to cases where the greater cost is for the erection of any building, improvement, or structure during the year for which the license in the lower class was operative.

"(3) That his Honor erred in not holding that under the provisions of the Act under consideration it was intended and provided:

"First. That a license issued to a contractor was good for any contracts which he might enter into during the year the license was in force where the contract price was not in excess of the contract cost for which the license was issued.

"Second. That, where a contractor holds a license in the lower cost class, and desires to enter into a contract for the erection of a building in a higher cost class, a license for the higher class should be issued to him upon the surrender of the license in the lower class and the payment of the difference between the amount paid for the license in the lower class and the cost of the license desired, and the license so obtained entitles him to enter into any contract, the contract price of which does not exceed the class for which the license was issued.

"(4) That his Honor erred in sustaining the demurrers and dismissing the complaints; but should have held that a cause of action was stated in each complaint, and the plaintiffs were entitled to the relief prayed for therein."

There are two distinct classes of license taxes imposed by the Act:

(1) A license tax of $100 for the privilege of *bidding upon contracts:*

"Every person * * * who for a fixed price * * * offers or bids to construct * * * any building * * * the cost of which exceeds the sum of $10,000 shall pay an *annual license tax* of one hundred dollars, which tax shall be due and payable on June 1st" of each year, "prior to offering or submitting any bid. * * * "

(2) "In addition to the above tax herein levied every person * * * who for a fixed price * * * undertakes or [to?] execute a contract for the construction * * * of any of the above enumerated projects shall before entering into such contract pay an annual license tax as follows: * * * [Graduated as follows: Over $10,-000, but not over $50,000, $100. Over $50,000, but not over $100,000, $200. Over $100,000, but not over $250,-000, $300. Over $250,000, but not over $500,000, $500. Over $500,000, but not over $750,000, $750.] *These licenses shall apply to all individual contracts and not to the gross annual business."*

The Act further provides:

"Application for license under this section shall be made to the South Carolina Tax Commission and shall be accompanied by the affidavit of the applicant, stating the contract price if known, and if contract price is not known, his estimate of the entire cost of said improvement or structure. * * * "

It is further provided:

"In the event the construction of any [one?] of the above mentioned improvements or structures shall be divided and let under two or more contracts to the same person, * * * the several contracts shall be considered as one contract for the purpose of this Act, and the South Carolina Tax Commission shall collect from such person, * * * the license tax hereinabove designated, as if only one contract has

been entered into for the entire improvement or structure."

It is further provided:

"In the event [that] any person * * * has procured a license in [any] one of the lower classes above provided for and desires to construct * * * any [one?] of¹ the above mentioned improvements or structures, * * * the completed cost of which is greater than that covered by the license already secured"

—the contractor may secure a license for the larger class by paying the difference.

It is further provided:

"The said tax shall be paid at, or prior to, the time of entering into the contract for such undertaking. The application for the license under this section shall be accompanied by an affidavit from the architect or engineer by whom the plans or specifications were prepared which affidavit shall include his estimate of the entire cost of such building," etc.

From these provisions of the Act we think that it is perfectly clear that the Legislature intended to impose the tax upon each individual contract; they are compatible only with that idea, not to speak of the specific provision:

"These licenses shall apply to individual contracts and not to the gross annual business."

It seems quite a burden for the contractor to bear, but, as no question has been raised as to the unreasonableness of the tax, that feature has not been considered. Nor has the question whether the preliminary license tax for submitting a bid applies to each individual contract, or its bearing upon the reasonableness of the tax been considered; nor, if so applicable, whether it be in conformity with Article 10, § 1, requiring a license tax to be graduated.

The only possible hesitation in the matter is produced by the provision:

"Except as above provided, only one license shall be annually collected from any person. * * *"

We regard the provision as utterly meaningless or un-necessary.

It has been strongly urged upon us, and it was the sugges-tion that induced a rehearing of the appeal, that the Act of 1928, in amending the Act of 1927 so as to provide for a tax upon the individual contracts, was a legislative admis-sion that the Act of 1927 did not provide therefor.   We get little light from this contention, for the reason that the amendment was as compatible with the purpose of the Legis-lature to remove all doubt that that was what was intended by the Act of 1927.

The judgment of this Court is that the decree appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.