### Holden & Martin Lumber Co. v. James W. Stuart et al.

[108 A2d 387]

May Term, 1954.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed October 5, 1954.

*Osmer C. Fitts, Paul N. Olsen* and *James A. C. Stillman* for the plaintiff.

*Edward A. John* and *John S. Burgess* for the Trustee in Bankruptcy.

**Adams, J.** This cause is before this Court on exceptions allowed the plaintiff to an order of the Windham County Court wherein it granted a motion of the trustee in bankruptcy of the defendant to dismiss the writ and process for lack of jurisdiction. The grounds of the motion were non-service on the defendant and also that the writ was dated May 6, 1950, and it was not entered in the court until April 23, 1953, contrary to sections 1547 and 1548, V. S. 47, as appears on the face of the records in the cause. The latter ground is the only one relied upon here.

After the motion to dismiss was filed, the plaintiff filed an affidavit of an attorney that was dated November 23, 1953. It set forth in substance that after service of the writ on the trustee in this cause he, the affiant, was consulted by the defendant about certain claims against him growing out of the Tom Thumb Snack Shop job and a claim of the defendant against the Snack Shop; that at about that time he, the affiant, received from the defendant or from the attorney for the Snack Shop the original writ in the instant case showing service on the Snack Shop as trustee of the defendant and a copy left with the trustee for a non-resident defendant; that on or about the day before the time expired for entering the writ, he had a telephone conversation with one of the attorneys for the plaintiff and advised him that he, the affiant, would honor the writ and would not question the fact that it was not entered on time; that he later informed the defendant of this agreement and that he agreed that the affiant had taken the correct procedure and that the original writ remained in the files of the affiant until on or about April 20, 1953, when one of the attorneys for the plaintiff requested that it be returned to him.

It appears from the files, docket entries and bill of exceptions that the defendant was adjudged a bankrupt on Feb-

ruary 6, 1953, and his bankruptcy was suggested on April 23, the date the writ was entered in court. On November 13, the trustee in bankruptcy entered a special appearance by his attorney and the motion to dismiss was filed on November 16. The affidavit heretofore referred to was filed on November 23. A hearing was had on the motion to dismiss on November 24. It does not appear that any evidence was taken. No findings of fact were made and on December 16, the court made the following order, -"Motion of Abraham S. Karff, Trustee to dismiss is granted. Cause dismissed. Ex. to plff."

V. S. 47, §1547 provides that any writ or process returnable before the supreme or county courts shall contain the following direction to the officer,-"Fail not but service and return make within twenty-one days from date hereof."

Section 1548 reads as follows,--"RETURN. The party suing out such process shall cause the same to be entered and docketed in the county clerk's office on or before the expiration of such twenty-one days, or the process shall abate on motion."

 Failure to return process as the law directs vitiates all previous acts thereunder. *Cuthbertson* v. *Ritchie*, 99 Vt 50, 54, 130 A 756, and cases cited. Anno. 93 ALR 749. It is usually said in such cases that the officer who fails to return his writ becomes a trespasser *ab initio*, but it is more accurate to say that a return is necessary to make the attachment lawful *ab initio*. The rights of the officer are wholly contingent upon a proper return of the process, without which he is left in all matters, both offense and defense, as though he had acted without process. *Mitchell* v. *Pierce*, 86 Vt 514, 515-516, 86 A 748. In *Cuthbertson* v. *Ritchie, supra*, the original writ was served by attaching property and then served on the defendant. It was then lost and not returned into court. After the time for entering it had expired, the plaintiff by motion attempted to substitute a copy and have it entered in place of the original. This Court in denying the motion said, 99 Vt at 55, "Had the original process been entered out of time, no course would have been open to the court but to abate it, on motion for that purpose [G. L. 1728] [now V. S. 47, §1548] and clearly plaintiff acquired no better rights by using a copy."

■ . A motion to dismiss challenges matters of record only and does not reach defects that require extrinsic proof to establish. In Re Everett Estate, 112 Vt 252, 254, 23 A2d 202, and cases cited. There is no question here that the writ and docket entries which are the record show that the writ was entered nearly three years after its date.

In Glass v. Starr, 113 Vt 243, 32 A2d 123, the writ bore the date of February 28. It was served on March 19 and entered in court on March 30. At a hearing on a motion to abate on the ground that it was not entered within the twenty-one days from its date as required by statute, the plaintiff offered to show by a master in chancery that it was in fact signed by him on March 18. The offered evidence was excluded, the motion granted and the process abated. This Court in affirming the action of the trial court, speaking through Mr. Justice Jeffords, said at page 245, "To hold otherwise would permit the making of a claim as to every writ that it was issued at a time different from that appearing on the process itself and thus result in much delay due to the necessity of taking oral evidence in the matter and in the virtual nullification of the statute."

The plaintiff claims that the failure to enter the writ within the twenty-one days fixed by the statute is a defect that can be waived and that it falls within class [3] of defective process mentioned in Howe v. Lisbon Savings Bank, 111 Vt 201, 213, 14 A2d 3. It relies upon the affidavit heretofore mentioned to establish such waiver. For the purposes of this opinion only, we will assume without in any way deciding or being understood as expressing any opinion in regard thereto, that the defect of non-entry within the time prescribed by statute can be waived.

■ A waiver is a voluntary relinquishment of a known right. To establish it, there must be shown an act or an omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right in question. It may be express or implied. But if it is of the latter class, caution must be exercised both in proof and application. The facts and circumstances relied upon must be unequivocal in character. When it is in derogation of a statutory right it is not favored. Dunbar v. Farnham, 109 Vt 313, 323, 196 A 237, 114 ALR 996.

If it is permissible to waive the provisions of section 1548, we hold that the method employed here to establish a waiver by an affidavit filed in the proceeding was improper and insufficient and that the date of the writ and date of its entry as shown by the record is conclusive. To hold otherwise would permit the making of a claim as to any writ that was not entered in time subject to proof in affidavit form or perhaps by oral evidence as to a waiver of the provision of the statute. The door would thus be open to a practice that would be detrimental to orderly procedure and possibly lead to a prolific number of such claims, either by serving officers or parties to the proceedings. A waiver of the provisions of the statute might then, if established after a hearing and the delay incidental thereto, become the rule rather than the exception.

Because of our holding that the cause is not properly in court, it is not necessary to consider other points briefed by the plaintiff.

*Order dismissing the writ and process affirmed.*