## E. R. Wiggins Builders Supplies, Inc. v. Robert E. Smith et al

[149 A2d 360]

January Term, 1959.

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed March 4, 1959.

*R. Lawlor Cooper* for the plaintiff.

*Black & Plante* for the defendants.

**Shangraw, J.** This is an action brought by the plaintiff pursuant to the provisions of V. S. 47, §2757 on a lien claimed by it for materials sold and delivered to Moses Benjamin, a contractor employed by the defendants to build a house on a lot owned by the defendants in Wilder, Vermont, as tenants by the entirety. The defendants entered their special appearance and seasonably filed a motion to dismiss. The motion was granted, case dismissed, and exceptions allowed the plaintiff. The case comes to this court on plaintiff's exceptions to the granting of defendants' motion.

The motion in so far as here material is as follows:

"This Honorable Court has no jurisdiction whatever relative to said writ in the proceedings thereunder.

"That the proceedings in this case are of a civil nature and the summons issued without any security given to each of the defendants by way of recognizance by some person other than the plaintiff, as required by §1528 of the Vermont Statutes, Revision of 1947.

"The writ of summons requiring the defendants to appear before the Windsor County Court does not have thereon a minute of the recognizance with the name of the surety, the sum in which he is bound as to each of the defendants signed by the authority issuing said writ as required by V. S. 1528, Revision of 1947."

The statute referred to in the motion reads as follows:

"1528. Recognizances. A writ of summons or attachment requiring a person to appear and answer before a court shall not be issued unless sufficient security is given to the defendant, by way of recognizance, by some person other than the plaintiff, to the satisfaction of the authority signing such writ, that the plaintiff will prosecute his writ to effect and answer the damages, if

judgment is rendered against him. A minute of such recognizance, with the name of the surety and the sum in which he is bound, signed by such authority, shall be made upon the writ at the time it is issued. If a writ is otherwise issued, on motion, it shall abate."

A minute of the recognizance taken by the master in chancery who signed the writ appears thereon as follows:

"R. Lawlor Cooper recognized to the defendant in the sum of fifty and 00/100......dollars, and to each of the above named trustee in the sum of fifty dollars, as surety for the costs of prosecution as the law directs.

Before me,

Arthur J. Hayer,
Master in Chancery."

The defendants state in their motion that the summons was issued without security given to "each of the defendants;" that the minute of recognizance fails to show that the surety is bound to "each of the defendants;" and in their brief claim that the recognizance should have been to "the defendants" and that such a minute thereof made. By reason of such failure it is urged that the writ is fatally defective, not voidable, nor subject to amendment.

The plaintiff claims that the recognizance was taken "as the law directs" and if the security by way of recognizance was insufficient defendants should have proceeded under V. S. 47, §1905 by way of a motion for additional security, rather than by a motion to dismiss, citing *Beebe* v. *Town of Rupert*, 114 Vt 172, 173, 41 A2d 149.

The effect of a motion to dismiss is confined to what appears on the face of the record. *Emerson* v. *Carrier*, 119 Vt 390, 394, 125 A2d 882; *Hanley* v. *United Steel Workers*, 119 Vt 187, 190, 122 A2d 872; *Holden & Martin* v. *Stuart*, 118 Vt 286, 289, 108 A2d 387.

The statute in question, §1528, contains no express direction concerning a recognizance where there is more than one defendant but uses the singular number "defendant." Whether it shall be taken jointly or severally or jointly and severally

where there are more defendants than one does not appear. *Beebe* v. *Town of Rupert, supra,* 114 Vt at 173, 41 A2d at 150.

■ In statutory construction words used in a singular number may include the plural and the plural the singular, except where a contrary intention plainly appears. 32A Words & Phrases, Plural, page 341. This is consistent with V. S. 47, §26 which provides: "Words importing the singular number may extend and be applied to more than one person or thing; words importing the plural number may be applied as if singular * * *." For an application of this general principle where the word "plaintiff" has been construed in the plural as including all parties plaintiff, see *Brents* v. *Barnett,* 4 Bibb 251, 7 Ky 251; *Blanding* v. *Mansfield,* 72 Me 427, 429.

"The defendant" as applicable in cases having more than one defendant has been used in its distributive sense, meaning any one of the defendants. *Gary Realty Co.* v. *Swinney,* 306 Mo 592, 269 SW 961, 966. In referring to a party named in a declaration as a "defendant" the word may be used as a collective noun, including all parties defendant. 26A C.J.S., Defendant, at page 136. See cases cited under note 43. Also *Arnold* v. *Mangan,* 89 Ill App 327. The word "all" is frequently used in the sense of "each" or "every one of." *Sherburne* v. *Sischo,* 143 Mass 439, 9 NE 797, 798.

■ It is our opinion, and we so hold, that the legal effect of the words "the defendant" as appears in the recognizance, and minute thereof, means unto each of the defendants and thus is in conformity with the legislative intent of the statute in question. There was error on the part of the trial court in granting the motion to dismiss.

*The judgment granting the motion to dismiss is reversed and the cause is remanded.*